IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

JOANN HURLEY, on behalf of
herself, and all others similarly situated,

    Plaintiffs,

vs.

WAYNE COUNTY BOARD OF EDUCATION,
a West Virginia Political Subdivision, and
THOMAS MESSER, a West Virginia resident,

    Defendants.

Civil Action No.:  3:16-cv-9949
Judge:

## COMPLAINT

Plaintiff Joann Hurley, through counsel, on behalf of herself and all others similarly situated, hereby commences this individual and class action lawsuit against the defendants, Wayne County Board of Education ("WCBOE") and Thomas Messer, for compensatory, equitable, injunctive, and punitive damages as alleged herein. Plaintiff makes the following allegations based upon her personal knowledge and upon information and belief, as well as upon her attorneys' investigative efforts as to Defendants' actions and misconduct, and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this lawsuit individually on behalf of herself and on behalf of the class of all other individuals who received illegal pre-recorded telephone messages (political robocalls) during the period of February 25, 2016 through and including May 9, 2016 ("the class

period"), regarding plaintiff Joann Hurley and her campaign and bid for re-election on the Wayne County BOE school board.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Joann Hurley, at all times relevant hereto, is a resident and citizen of Wayne County, West Virginia, and is a respective member of the class.

3. Defendant Wayne County BOE is a West Virginia political subdivision as set forth in W. Va. Code 29-12A-1 et seq., established by the West Virginia legislature.

4. Defendant Thomas Messer is a West Virginia resident and citizen. At all times relevant hereto, defendant Thomas Messer is an agent, representative and/or employee of defendant Wayne County BOE.

5. Jurisdiction and venue in this Honorable Court is hereby proper pursuant to 28 U.S.C. 1331, as both plaintiff and defendants reside in the Southern District of West Virginia, Huntington Division, and this matter involves defendants' violation of federal law, as set forth in the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. 227 and 47 CFR 64.1200.

## FACTS

6. Prior to February of 2016, Plaintiff Joann Hurley filed her bid for re-election to the Wayne County BOE school board.

7. On or about February 25, 2016, plaintiff Joann Hurley first received a phone call from phone number 631-542-1867, which contained a prerecorded telephone message that plaintiff Joann Hurley votes no for students and for schools and to vote responsibly. The prerecorded message never disclosed the identity of the business, individual, or other entity

initiating the call nor stated the telephone number or address of such business, other entity or individual.

8. The Telephone Consumer Protection Act (47 U.S.C. 227) and the Federal Communications Commission ("FCC") Rules (47 C.F.R. 64.1200) require that all artificial or prerecorded telephone messages shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual.

9. Plaintiff Joann Hurley continued to receive these illegal prerecorded telephone messages ("robocalls") on both her land line and cellular line up to and including May 9, 2016, the day before Election Day.

10. In early March of 2016 through Election Day, these illegal prerecorded messages started coming from telephone number 877-205-4603. Each call would contain a negative, false, misleading and/or defamatory prerecorded statement/message regarding plaintiff JoAnn Hurley's bid for re-election on the Wayne County BOE school board. However, the source of the illegal prerecorded message would never be disclosed or provided during the message.

11. Shortly after receiving the first illegal prerecorded message on February 25, 2016, plaintiff Joann Hurley was advised by members of the community that they were also all receiving the same and/or similar illegal prerecorded messages from the same telephone number(s).

12. Upon information and belief, on February 26, 2016, a member of the respective class received an illegal prerecorded message regarding plaintiff Joann Hurley's bid for re-election from telephone number 631-542-1867. Records, including Caller ID, listed defendant

"Thomas Messer" as the source of this call.  However, the source was never disclosed during the illegal prerecorded message.

13. At all times relevant hereto, defendant Thomas Messer, is and was an employee, agent and/or representative of defendant Wayne County BOE, as a technology coordinator and/or curriculum specialist.

14. Upon information and belief, for the illegal prerecorded telephone messages in February, March and part of April of 2016, if "0" was hit immediately following the prerecorded message, it would state that "[y]ou have reached the voicemail of Thomas Messer."

15. Plaintiff learned that upon information and belief, any and all persons and households who had any affiliation with Wayne County schools, as an employee, staff member, volunteer, student, substitute teacher, parent, emergency contact for any student or employee, etc. were also receiving these same illegal prerecorded messages which contained negative, false, misleading and/or defamatory statements regarding plaintiff Joann Hurley's bid for re-election on the Wayne County BOE school board.

16. Upon information and belief, these illegal prerecorded messages were being sent to both landlines and cellular lines.

17. Upon information and belief, defendants initiated these illegal prerecorded messages from a call system utilizing the Wayne County Schools master call list, which is maintained by the defendants, and which contains the telephone numbers, both land and cellular, for all persons and households, including but not limited to, employees, staff members, volunteers, students, substitute teachers, parents, and emergency contacts for any student or employee.

18. Upon information and belief, none of the prerecorded messages initiated by the defendants disclosed the identity of the business, individual, or other entity initiating the call, nor stated the telephone number or address of such business, other entity, or individual in direct violation of 47 U.S.C. 227 and 47 C.F.R. 64.1200.

## CLASS ALLEGATIONS

19. Plaintiff brings this action on her own behalf, and as a class action on behalf of the Class defined herein, pursuant to, and properly maintainable under the Federal Rules of Civil Procedure, Rule 23, specifically.

20. The proposed class consists of any and all persons and households who are/were a part of the Wayne County school system contact list, including but not limited to, board members, employees, staff members, volunteers, students, substitute teachers, parents, guardians, and emergency contacts for any student or employee.

21. Plaintiff is a member of the prospective class because she is a board member, and upon information and belief, she is listed on the Wayne County school system contact list, and received illegal pre-recorded telephone messages (i.e. political robocalls) during the period of February 25, 2016 through and including May 9, 2016, regarding her bid for re-election to the Wayne County BOE school board. During this period of time, upon information and belief, defendants caused and initiated thousands of illegal, misleading, defamatory and false prerecorded telephone messages regarding plaintiff Joann Hurley to be made to members of the prospective class.

22. The members of the prospective class are so numerous that joinder of all class members is impractical. Plaintiff does not know the exact number of members of the Class

because such information is in the exclusive control of the defendants; however, based upon the size of the Wayne County school system, there is reason to believe the number of persons who received these illegal prerecorded messages is at a minimum over 1,000. The exact number and identities of the class members are currently unknown but can be ascertained from the books and records of the defendants.

    23.    Common questions of law and fact exist as to all members of the class that predominate over any questions affecting any individual class members.

    24.    Common questions of law and fact include, but may not be limited to:

    a)    Whether defendants' acts constitute violations of the regulations of the Telephone Consumer Protection Act, 47 U.S.C. 227.

    b)    Whether defendants' acts constitute violations of the regulations of the Federal Communications Commission ("FCC") Rules, 47 C.F.R. 64.1200.

    c)    Whether defendants utilized equipment owned, operated and/or controlled by the WCBOE to initiate any and/or all of the subject prerecorded telephone messages.

    d)    Whether defendants utilized the Wayne County school system contact list to determine who would receive any and/or all of the subject prerecorded telephone messages.

    e)    Which agents, representatives and/or employees of the defendant WCBOE participated in the decision and planning process behind the subject prerecorded telephone messages.

    f)    Whether or not any other outside entity, person, company and/or firm was utilized, involved with or affiliated in any manner with the decision,

planning and/or actually initiating the subject prerecorded telephone messages.

25. Plaintiff's claims are typical of the Class members' claims because Plaintiff's claims arise from the same common course of conduct giving rise to the claims of the members of the Class (i.e. violation of 47 U.S.C. 227 and 47 C.F.R. 64.1200) and the relief sought is common to the Class.

26. Plaintiff will fairly and adequately protect the interest of the Class. Plaintiff has no interest that is antagonistic to other members of the Class. Plaintiff has retained counsel with the competence and experience in the prosecution of class action litigation and other complex litigation to properly represent Plaintiff and the Class.

27. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members. The prosecution of separate actions by the individual members of the Class for the relief sought herein would result in duplicitous litigation over the same issues, create a risk of inconsistent or varying adjudications, or establish incompatible standards of conduct for defendants.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all damaged Class members is impracticable. Prosecution as a class action will eliminate the possibility of repetitious litigation. The damages suffered by individual members of the Class are similar, relatively small (approximately $500.00 for each illegal prerecorded message), and the expense and burden of individual prosecution of the claims asserted in this litigation would make it difficult for individual claimants to pursue individual claims. Absent the availability of class action procedures, it would not be feasible for Class members to redress the wrongs done to them.

Even if the Class members could afford individual litigation for the specific relief sought herein, the court system could not so afford the burden. The class action device presents fewer case management difficulties and will provide the benefits of unitary adjudication, economy of scale, and comprehensive supervision by a single court without the duplication of effort and expense that numerous individual actions would create.

29. The class is readily definable – persons on the Wayne County school system contact list, including but not limited to, board members, employees, staff members, teachers, volunteers, students, substitute teachers, parents, guardians, and emergency contacts for any student or employee.

## COUNT I
## VIOLATION OF 47 U.S.C. 227

30. Paragraphs 1 through 29, above, are incorporated herein.

31. This is a count for defendants' violations of the Telephone Consumer Protection Act.

32. The Telephone Consumer Protection Act, 47 U.S.C. 227(d)(3), entitled "*Artificial or Prerecorded Voice Systems*" provides:

> The Commission shall prescribe technical and procedural standards for systems that are used to transmit any artificial or prerecorded voice message via telephone. Such standards shall require that –
>
> (A) all artificial or prerecorded telephone messages (i) shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual. . . .

33. Defendants' actions, conduct and omissions, in failing, at the beginning of each prerecorded message to each prospective class member, to state clearly the identity of the business, individual, or other entity initiating the call, and during or after the prerecorded message, to state clearly the telephone number or address of such business, other entity, or individual, directly violates the Telephone Consumer Protection Act, 47 U.S.C. 227(d)(3).

WHEREFORE, plaintiff, as representative of the putative class, requests judgment against the defendants as follows:

    a. Any and all damages recoverable by law under 47 U.S.C. 227 to be determined by a jury;

    b. Compensatory, incidental and consequential damages to be determined by a jury;

    c. Punitive damages to be determined by a jury;

    d. Attorney fees and costs associated with the prosecution of these claims; and

    e. Other such relief the Court deems fair and necessary.

## COUNT II
## VIOLATION OF 47 C.F.R. 64.1200

34. Paragraphs 1 through 33, above, are incorporated herein.

35. This is a count for defendants' violations of the Federal Communications Commission ("FCC") rules.

36. The FCC, in 47 C.F.R. 64.1200, entitled *"Delivery restrictions"* provides:

> (b) All artificial or prerecorded voice telephone messages shall:
>
> (1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business

with the State Corporation Commission (or comparable regulatory authority) must be stated;

(2) During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges. For telemarketing messages to residential telephone subscribers, such telephone number must permit any individual to make a do-not-call request during regularl business hours for the duration of the telemarketing campaign; and

37. Defendants' actions, conduct and omissions, in failing, at the beginning of each prerecorded message to each prospective class member, to state clearly the identity of the business, individual, or other entity initiating the call, and during or after the prerecorded message, to state clearly the telephone number or address of such business, other entity, or individual, directly violates 47 C.F.R. 64.1200.

WHEREFORE, plaintiff, as representative of the putative class, requests judgment against the defendants as follows:

a. Any and all damages recoverable by law under 47 C.F.R. 64.1200 to be determined by a jury;

b. Compensatory, incidental and consequential damages to be determined by a jury;

c. Punitive damages to be determined by a jury;

d. Attorney fees and costs associated with the prosecution of these claims; and

e. Other such relief the Court deems fair and necessary.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**JOANN HURLEY, on behalf of herself, and all others similarly situated,**

By Counsel,

/s/ J. Ryan Stewart
Timothy C. Bailey (WVSB #5839)
J. Ryan Stewart (WVSB #10796)
BAILEY JAVINS & CARTER, L.C.
P.O. Box 3712
Charleston, WV 25337
Telephone: 304-345-0346
Fax: 304-345-0375
tbailey@bjc4u.com
rstewart@bjc4u.com

Anthony Majestro (WVSB #5165)
Powell & Majestro, PLLC
P.O. Box 3081
405 Capitol Street, Suite P-1200
Charleston, WV 25331
Telephone: 304-346-2889
amajestro@powellmajestro.com