IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOANN HURLEY, on behalf of herself
and all others similarly situated,

            Plaintiffs,

v.                                   CIVIL ACTION NO.  3:16-9949

WAYNE COUNTY BOARD OF EDUCATION,
a West Virginia Political Subdivision, and
THOMAS MESSER, a West Virginia resident,

            Defendants.

**ORDER**

It has come to the attention of the Court that the parties' have failed to raise and brief a dispositive issue concerning the Board of Education's Amended Motion to Dismiss. The issue, whether 47 U.S.C. § 227(d) of the Telephone Consumer Protection Act provides for a private right of action, was completely ignored. Yet, there is ample reason to believe that 227(d) does not confer such a right. For example, both section 227(b) and 227(c) have subsections titled "Private right of action." 47 U.S.C. §§ 227(b), (c). In each, the statute permits private rights of action based on violations of "this subsection." *Id.* In other words, they authorize private rights of action for violations of that specific subsection—either subsection (b) or (c). Section 227(d) has no such provision. *See* 47 U.S.C. § 227(d).

To add, section 227(g)(1) empowers state attorneys general to bring suit based on a "pattern or practice of telephone calls" in violation of "this section," referring to section 227. 47 U.S.C. § 227(g)(1). Finally, virtually every court to have considered this issue has found that 227(d) does not confer a private right of action. *See, e.g.*, *Ashland Hosp. Corp. v. Serv. Emp. Int'l Union, Dist.*

*1199*, 708 F.3d 737, 745 (6th Cir. 2013); *Cunningham v. Credit Mgmt., L.P.*, No. 3:09-cv-1497, 2010 WL 3791104, at *5 (N.D. Tex. Aug. 30, 2010); *Merchant & Gould, PC v. Premiere Glob. Servs., Inc.*, 749 F. Supp. 2d 923, 937 n. 6 (D. Minn. 2010); *Boydston v. Asset Acceptance LLC*, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007); *Knopff v. Battaglia*, 425 F. Supp. 2d 76, 91 (D.D.C. 2006); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06-cv-0949, 2006 WL 1132386, at *4 (N.D. Ill. Apr. 19, 2006); *Klein v. Vision Lab Telecomm., Inc.*, 399 F. Supp. 2d 528, 539 (S.D.N.Y. 2005).

Accordingly, the Court requests that the parties provide it with supplemental briefing on this issue so that it may adequately address it in its forthcoming decision on the Amended Motion to Dismiss. Defendant's supplemental briefing shall be due no later than **April 27, 2017**. Plaintiff shall submit to the Court her response to Defendant's supplemental briefing no later than **May 8, 2017**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 13, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE