# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JOANN HURLEY, on behalf of herself
and all others similarly situated,

                Plaintiffs,

v.                                              CIVIL ACTION NO. 3:16-9949

WAYNE COUNTY BOARD OF EDUCATION,
a West Virginia Political Subdivision, and
THOMAS MESSER, a West Virginia resident,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Wayne County Board of Education's ("BoE") Motion to Dismiss and Amended Motion to Dismiss. ECF Nos. 4, 10. Also pending is Plaintiff Joann Hurley's Motion for Leave to Amend the Complaint. ECF No. 28. Hurley brought suit against the BoE for violations of the Telephone Consumer Protection Act ("TCPA") and related federal regulations for allegedly improper political calls made by Defendants. The BoE believes Plaintiff has not alleged facts to support a claim of direct liability nor vicarious liability, and therefore the case should be dismissed against the BoE. Moreover, BoE maintains that Hurley's Motion to Amend does not address the deficiencies raised in its motion to dismiss and is therefore futile. For the following reasons the Court **DENIES** Hurley's Motion to Amend, **GRANTS** the BoE's Amended Motion to Dismiss, and **DENIES** the BoE's Motion to Dismiss as moot.

### I. Background

Sometime prior to February 2016, Hurley filed a bid for re-election to the BoE. Compl. ¶ 6, ECF No. 1. On February 25, 2016, Hurley received a phone call from a number not known to

her. *Id.* ¶ 7. The call conveyed a prerecorded message that stated "Hurley votes no for students and for schools and to vote responsibly." *Id.* The message did not reveal the identity of the proponent of the message nor the telephone number or address of the proponent. *Id.* The next day, February 26, 2016, another person received the same prerecorded message. *Id.* ¶ 12. The caller identification function on this person's phone indicated that the caller was Defendant Thomas Messer, an employee of the BoE. *Id.* Hurley kept receiving these prerecorded phone calls until May 9, 2016, the day before Election Day. *Id.* ¶ 9. The prerecorded messages were delivered from two different phone numbers. *Id.* ¶ 10. The first number was active from February through part of April and associated with Defendant Thomas Messer by caller ID. *Id.* ¶¶ 10, 12. The second was used for the remainder of April until May 9, 2016. *Id.* ¶ 10. During February, March, and April if the "0" key was pressed immediately following the prerecorded message, another message would play that stated: "you have reached the voicemail of Thomas Messer." *Id.* ¶ 14.

Hurley alleges that anyone with any affiliation with the BoE received the prerecorded messages and that the messages were received on both mobile phones and landlines. *Id.* ¶ 15. Hurley also alleges that Messer and the BoE initiated the calls using a call system maintained by the BoE, which incorporates the BoE's "master call list." *Id.* ¶ 17. The list contains telephone numbers for people affiliated with the BoE in some way. *Id.* Hurley alleges that none of the messages included required identifying and contact information for the initiator of the calls as required by the TCPA. *Id.* ¶ 7.

Hurley then brought this putative class action on behalf of herself and all people that were or now are a part of the BoE contact list. *Id.* Hurley's Complaint alleges two causes of action. Count One alleges both defendants violated Section 227(d) of the TCPA, which imposes restrictions on prerecorded phone messages. *Id.* ¶ 30; 47 U.S.C. § 227(d)(3). Count Two alleges

both defendants violated the Federal Communication Commission's ("FCC") regulations enforcing the TCPA. *Id.* ¶ 34; 47 C.F.R. § 64.1200(b).

The BoE now seeks dismissal from the case. The BoE first filed a motion to dismiss and an answer in the alternative. ECF No. 4. Hurley did not respond to this motion. Some weeks later, the BoE filed an amended motion to dismiss, which sets out in much greater detail the BoE's arguments in support of its motion.[1] ECF No. 10. This motion has been fully briefed by both parties and is ripe for decision.[2]

Hurley's proposed Amended Complaint makes few additions of consequence to the original Complaint. Hurley added two additional claims in response to this Court's Order requesting additional briefing on whether Section 227(d) provided for a private cause of action. Pl.'s Mot. for Leave to Amend Compl. Ex. A, ECF No. 28-1. Hurley now alleges violations of Section 227(b) and related regulations, while still retaining her 227(d) claims. *Id.* Hurley also makes additions explaining Messer's method of placing the calls. *Id.* She explains that Messer

---

[1] The Court would be remiss if it did not bring to Hurley's attention that she did not file proofs of service evidencing the date on which Defendants were served with a summons and complaint. Although the Court lacks this information, it suspects that either the original motion to dismiss or the amended motion to dismiss were filed out of time. Nonetheless, Hurley did not raise this issue and the Court will not address it. It is enough to remind Hurley that she should have filed the proofs of service and both Hurley and the BoE should endeavor to observe the Federal Rules of Civil Procedure and the local rules of this District.

[2] The Court will treat the amended motion as a motion for judgment on the pleadings in accord with Federal Rule of Civil Procedure 12(c). *See* Fed. R. Civ. P. 12(c); 12(h)(2)(B). Submission of the amended motion moots the original motion. As such, the BoE has now effectively served an answer. Rule 12(c) states: "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Where no counterclaims or cross-claims are made, pleadings are closed once a complaint and answer are filed. *Doe v. United States*, 419 F.3d 1058, 1061–62 (9th Cir. 2005). A motion to dismiss filed after an answer, as is the case here where no cross-claim or counterclaim has been filed, is treated as a motion for judgment on the pleadings pursuant to Rule 12(c). *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). The standard of review for a motion for judgment on the pleadings made by a defendant asserting that the plaintiff has failed to state a claim is the same as would be applied were the motion treated as a motion to dismiss pursuant to Rule 12(b)(6). *Id.*

used online computer programs to make robocalls at times he designated (1:00 p.m. to 7:00 p.m.) using voice actors that Messer paid through another online program to record scripts that he wrote. *Id.*

BoE renewed its arguments supporting its Motion to Dismiss in its Response to Hurley's Motion to Amend. BoE maintains that Hurley has not sufficiently pled facts to support any direct liability nor has she pled facts to support any kind of vicarious liability. BoE, relying on its response to the Court's request for additional briefing, also argues that Section 227(d) of the TCPA does not provide a private cause of action and therefore Hurley's claims based on this section must be dismissed.

## II. Legal Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits amendment of a complaint after a responsive pleading has been filed "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave should be freely given "when justice so requires." *Id.* "[A] district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse to grant the leave without any justifying reason." *Equal Rights Ctr. v. Niles Bolton Assocs.* 602 F.3d 597, 603 (4th Cir. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). A court may deny a motion to amend a complaint if the amendment would be futile. *Id.* (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). An amendment is futile where even if it is permitted the amendment would not save the complaint from a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (citing *Glick v. Koenig*, 766 F.2d 265, 268–69 (7th Cir. 1985)).

In analyzing a party's motion for judgment on the pleadings pursuant to Federal Rule 12(c), the Fourth Circuit has indicated that the applicable standard is the same as a motion to dismiss

pursuant to Federal Rule 12(b)(6), noting that the "distinction is one without a difference." *Burbach Broad Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). To overcome a motion for judgment on the pleadings, a complaint must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations and citations omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations and citations omitted). Finally, "[a]lthough for the purposes of a motion [for judgment on the pleadings] we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

### III. Discussion

The Court will first address whether Hurley's claims based on Section 227(d)(3) (Count I of the Complaint and Count III of the proposed Amended Complaint) can survive. Section

227(d)(3) directs the FCC to "prescribe technical and procedural standards" for prerecorded telephone messages. The standards must include requirements that the messages include the identity of the entity placing the call and reveal the address or phone number of that entity. 47 U.S.C. § 227(d)(3). Leaving to one side that the section allegedly violated by BoE only directs the FCC to promulgate regulations containing certain requirements and says nothing of restricting the actions of private parties, Section 227(d), unlike other subsections of 227, contains no explicit private right of action. *Compare* § 227(d) *with* §§ 227(b), (c).

There is ample reason to believe that 227(d) does not confer such a right. For example, both Section 227(b) and 227(c) have subsections titled "Private right of action." 47 U.S.C. §§ 227(b), (c). In each, the statute permits private rights of action based on violations of "this subsection." *Id.* In other words, they authorize private rights of action for violations of that specific subsection—either subsection (b) or (c). Section 227(d) has no such provision. *See* 47 U.S.C. § 227(d).

To add, Section 227(g)(1) empowers state attorneys general to bring suit based on a "pattern or practice of telephone calls" in violation of "this section or the regulations prescribed under this section." 47 U.S.C. § 227(g)(1). The Court interprets "this section or the regulations" to mean Section 227, all of its parts, and any regulations promulgated pursuant to Section 227. In this respect, the TCPA is not unlike other federal consumer protection statutes, providing private rights of action for some but not all violations and empowering state attorneys general to enforce the statute more broadly. *See, e.g.*, Truth in Lending Act, 15 U.S.C. § 1640(e) (empowering state attorneys general to enforce certain sections of the Act that do not provide for private rights of action). This reading is consistent with virtually every federal court to have considered this issue. *See Ashland Hosp. Corp. v. Serv. Emp. Int'l Union, Dist. 1199*, 708 F.3d 737, 745 (6th Cir. 2013);

*Cunningham v. Credit Mgmt., L.P.*, No. 3:09-cv-1497, 2010 WL 3791104, at *5 (N.D. Tex. Aug. 30, 2010); *Merchant & Gould, PC v. Premiere Glob. Servs., Inc.*, 749 F. Supp. 2d 923, 937 n. 6 (D. Minn. 2010); *Boydston v. Asset Acceptance LLC*, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007); *Knopff v. Battaglia*, 425 F. Supp. 2d 76, 91 (D.D.C. 2006); *G.M Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06-cv-0949, 2006 WL 1132386, at *4 (N.D. Ill. Apr. 19, 2006); *Klein v. Vision Lab Telecomm., Inc.*, 399 F. Supp. 2d 528, 539 (S.D.N.Y. 2005).

This finding is further bolstered by the text of 227(d)(3). The section directs the FCC to conduct rule-making and specifies particular substance for the rules. Initiators of calls are not the subject of the section and thus the section, by its own terms, does not direct any action by any entity other than the FCC.

Moreover, the regulations promulgated pursuant to this section are solely enforceable by the FCC and state attorneys general. *See* § 227(g)(1). Hurley alleges violations of the regulations promulgated pursuant to Section 227(d). She argues that even if Section 227(d)(3) does not permit a private right of action, surely the FCC regulations, which impose certain requirements on prerecorded phone messages, create a private right of action for violations of the regulations. *See* 47 C.F.R. 64.1200. The text of the TCPA, again, compels the Court to find otherwise.

Specifically, Hurley alleges violations of 47 C.F.R. 64.1200(b). The regulations prescribed in that section require all prerecorded messages to state the identity of the entity responsible for the call at the beginning of the call and to provide a contact number during the message for that entity. These provisions flow directly from the directives in Section 227(d)(3). Section 227(d), however, lacks the same private cause of action provisions contained in Sections (b) and (c). In both (b) and (c), the private cause of action provisions specifically permit cases brought based on violations of the regulations promulgated pursuant to those subsections. §§ 227(b)(3), (c)(5) (a

plaintiff may bring "an action based on a violation of . . . the regulations prescribed under this subsection . . . ."). Without such language in Section (d), the Court is compelled to find that Congress did not intend private parties to enforce either Section 227(d) or the regulations prescribed pursuant to that section. The Court is unwilling to read a private cause of action into Section (d) and its attendant regulations where Congress conspicuously omitted it but explicitly included it in adjacent subsections.

The Court will now turn to the BoE's arguments that Hurley's Motion to Amend should be rejected because it does not cure the fatal flaws it raised in its Motion to Dismiss. First, the BoE argues, and the Court agrees, Hurley has made no allegation that can support a claim for direct liability against the BoE. Nowhere in Hurley's Amended Complaint does she mention a specific act done by the BoE to commit the alleged violations. The only allegations in the Complaint and Amended Complaint are aimed at Messer. To sustain her claim of direct liability Hurley must allege specific facts to support it. She has failed to do this.

Second, the BoE contends that Hurley has not alleged sufficient facts to support a claim for vicarious liability against the BoE.[3] Hurley comes closer to the mark on this claim but still

---

[3] The BoE makes a fleeting reference to section 29-12A-4 of the West Virginia Code in its Amended Motion to Dismiss apparently to support its contention that Hurley needs to plead that the phone calls placed by Messer were in the scope of his employment. Section 29-12A-4 is a qualified immunity statute that states in relevant part: "a political subdivision (BoE is such an entity) is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee" unless such injury, death or loss to persons or property were "caused by the negligent performance of acts by their employees while acting in the scope of employment." The BoE made no argument related to immunity when it first cited this section in its Amended Motion to Dismiss. But then, in its reply to Hurley's Response, the BoE unfurled a full-fledged argument for dismissal based on the immunity statute. As an initial matter, raising an issue for the first time in a reply is disfavored and those issues are generally considered waived. *See Scottsdale Ins. Co. v. Flowers* 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)). The practice is disfavored because it denies the non-moving party a chance to respond, to which it is ordinarily due. Still, BoE then reprised the argument in its Response to Hurley's Motion to Amend.

falls short. Hurley alleged in both her Complaint and Amended Complaint that Messer is employed by the BoE as a "technology coordinator and/or curriculum specialist," he was employed by the BoE when the calls were placed, and he used a call list maintained by the BoE to identify recipients of the messages. Taking all of these allegations as true, as the Court must at the pleading stage, Hurley has failed to allege a claim based on vicarious liability against the BoE.

"An employer may be liable for both negligent and intentional torts committed by an employee within the scope of his or her employment." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 756 (1998). Declaring, without any factual support, that Messer "was in the course of his employment with defendant . . . during the time these illegal . . . messages were created, initiated, and made" is not sufficient to demonstrate that Messer was acting within the scope of his employment. In fact, the words: "was in the course of his employment . . . during the time" that the calls were made seems to convey only that Messer was employed by the BoE at the time the messages were disseminated. This is not enough. Hurley must allege, as is required by the standard for vicarious liability, that placing the calls was within the scope of his employment. *See id.* In the case of intentional torts committed by emplyees, as Messer's actions can most certainly be classified, that means the act was done with the purpose, in whole or in part, to serve his employer. *See id.* There are no facts in either complaint that support a plausible inference that Messer was acting to serve the BoE.

Rather, the facts pled lead to an inference that Messer was acting on his own and for his own purposes. He sought out the voice actors, wrote the scripts for the messages, and used private

---

Nevertheless, because the immunity issue can be swatted away with ease, the Court will consider it. The immunity statute explicitly exempts claims based on federal statutes. W. Va. Code § 29-12A-18(e). Hurley's claims are based exclusively on the TCPA, a federal statute. The BoE's immunity argument is thus obviously inapplicable.

autodialing services to make the calls. He then set an autodialing program to make the calls from 1:00 p.m. to 7:00 p.m. The fact that he used the BoE call list (however dubious the claim may be) only supports an inference that he had access to it—not that he was acting at the behest of the BoE or in service of it. Moreover, placing the calls during Messer's working hours is purely incidental to his employment. Messer set the calls to be made during working hours, but did not himself make them at that time; an autodialing system was programed to make them during those hours.

Arguing that a "reasonable factfinder" could find that Messer was acting within the scope of his employment, as Hurley attempts, fundamentally misunderstands the standard by which she must plead her case. That standard is more appropriate at the summary judgment phase. At this stage, the Court, assuming all *well-pleaded* factual allegations as true, determines if the plaintiff has pled a viable cause of action. *Iqbal*, 556 U.S. at 678. The Court must confine its review to the allegations made in the complaint. *See* Fed R. Civ. P. 12(d). If Hurley has more evidence linking Messer's actions to the BoE she would do well to include them in her pleadings. Without them, however, she has not plead a plausible case for vicarious liability against the BoE.

In coming to this conclusion, the Court makes no determination whether Messer did or did not, in fact, act within the scope of his employment, only that Hurley did not plead as much. This distinction is the animating principle of a motion to dismiss. A determination whether Messer was acting within the scope of his employment is undeniably an issue of fact, but at the pleading stage, Hurley must plead the facts upon which that determination could rest. The Court will not fill in the blanks for her.

Hurley's attempt to assert other forms of agency relationships does not save her Motion to Amend. First, Hurley does not explicitly plead a formal agency relationship, express or implied, between the BoE and Messer outside of his status as an employee, nor does she plead apparent

authority or ratification. She raises these other agency relationships in her briefing only. Hurley admittedly refers to Messer as an "employee/agent" of the BoE in her Complaint and proposed Amended Complaint but provides no further factual development of the alleged relationship. An agency relationship is a legal definition that applies to certain relationships based on particular facts. Declaring that Messer was an agent of the BoE in some way outside of his employment without alleging supporting facts is a bare legal conclusion that is not entitled to the presumption of truth that is ordinarily due to well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678.

Arguments asserting that a finding of an agency relationship is an issue of fact for the fact-finder are sorely misplaced at this stage. There is no question that the ultimate determination of the existence of such a relationship is an issue of fact, but to reiterate the pleading standard, Hurley must actually plead the facts to support her allegations. Hurley provides no factual support for her vicarious liability claim against the BoE in either her Amended Complaint or the original Complaint.

Hurley has failed to sufficiently plead either direct liability or vicarious liability claims against the BoE in her proposed Amended Complaint. These same defects infect her original Complaint. Accordingly, the Court finds that Hurley's Motion to Amend would be futile as applied to the BoE. The Court further finds that Hurley has failed to state a claim upon which relief could be granted against the BoE, and as a matter of law cannot maintain a claim based on 47 U.S.C. § 227(d)(3) and 47 C.F.R. 64.1200(b) as against all Defendants.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to Amend is **GRANTED** in part with respect to Defendant Thomas Messer and **DENIED** in part with respect to Defendant Wayne County Board of Education. ECF No. 28. Defendant's Amended Motion to Dismiss is

**GRANTED**, ECF No. 10, and its Motion to Dismiss is **DENIED** as moot. ECF No. 4. The Wayne County Board of Education is **DISMISSED** from the case. Plaintiff's case based on her Amended Complaint may continue against Thomas Messer, but only Counts I & II survive. Counts III & IV are **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 6, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE