# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JOANN HURLEY, on behalf of herself
and all others similarly situated,

                Plaintiffs,

v.                                    CIVIL ACTION NO.  3:16-9949

THOMAS MESSER, a West Virginia resident,

                Defendant.

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 50) and Plaintiff's Motion to Vacate the Scheduling Order and Continue Trial (ECF No. 51). For reasons stated herein, both motions are **GRANTED.**

### I.    Background

Plaintiff filed a Complaint with this Court on October 21, 2016 against defendants Wayne County Board of Education (BoE) and Thomas Messer (ECF No. 1). The Court granted the BoE's Motion to Dismiss and Amended Motion to Dismiss (ECF Nos. 4, 10) by Memorandum Opinion and Order entered June 6, 2017 (ECF No. 34). Plaintiff was permitted, however, to file an Amended Complaint as against Messer (ECF No. 35).

Plaintiff now asks this Court to grant her leave to file a Second Amended Complaint (ECF No. 50). Plaintiff asserts, as cause for the amendment, that she took the deposition of Ms. Brook Golden, former spouse of Messer, on September 14, 2017 (ECF No. 50). Plaintiff alleges that Ms. Golden's deposition testimony "revealed several facts unknown to Plaintiff at the time the original

and first amended complaints were filed" (ECF No. 50). Accordingly, Plaintiff requests leave to amend her complaint to "conform the pleadings to the facts and evidence discovered" (ECF No. 50).

## II. Standard for Amendment

Federal Rule of Civil Procedure 15(a)(2) provides that a plaintiff may amend her complaint with the leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The Fourth Circuit has interpreted this language liberally, ruling that leave to amend "should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original).

## III. Analysis

In its June 6, 2017 Order, the Court found that Plaintiff had made "no allegation that [could] support a claim for direct liability against the BoE" (ECF No. 34). The Court additionally found that Plaintiff had failed to allege that Messer had been acting within the scope of his employment and for the service of his employer, the BoE, at the time of the alleged actions (ECF No. 34). Plaintiff cures both defects in her Second Amended Complaint, alleging both that the BoE actively participated in the alleged scheme and that Messer acted to serve the BoE within the scope of his employment (ECF No. 50-2). Additionally, Plaintiff's proposed amendments involving the BoE would not prejudice the BoE, are not proposed in bad faith, and would not be futile. Accordingly, Plaintiff's Motion to Amend as to the BoE is **GRANTED**.

As against the remaining defendants, the Court **FINDS** that allowing the amendments would not be prejudicial to the opposing parties, that there has been no bad faith on Plaintiff's part, and that making the proposed amendments would not be futile. Plaintiff has discovered new

information through discovery and seeks to amend her Complaint to conform it to that new information. Accordingly, Plaintiff's Motion to Amend as to all remaining defendants is **GRANTED**.

## IV. Conclusion

For the reasons explained above, Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 50) is **GRANTED**. Additionally, Plaintiff's Motion to Vacate the Scheduling Order and Continue Trial (ECF No. 51) is **GRANTED**. The present Scheduling Order for this case (ECF No. 15) is **VACATED** and trial is **CONTINUED**. The Court will set this matter for a Scheduling Conference after the newly-named parties have had the opportunity to appear in this action and respond to the Second Amended Complaint.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 17, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE