IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

JOANN HURLEY, on behalf of
herself, and all others similarly situated,

    Plaintiffs,

vs.                                                  Civil Action No.: 3:16-cv-9949
                                                       Honorable Robert C. Chambers

THOMAS MESSER, a W. Va. citizen,
SANDRA PERTEE, a W. Va. citizen,
WAYNE COUNTY BOARD OF EDUCATION,
a West Virginia Political Subdivision,
RINGCENTRAL, INC., a Delaware Corp.,
CALLCENTRIC, INC., a New York Corp.,
FIVERR, INC., a Delaware Corp., and
VOICENT COMMUNICATIONS, INC.,
a California Corp.,

    Defendants.

## SECOND AMENDED COMPLAINT

Plaintiff Joann Hurley, through counsel, on behalf of herself and all others similarly situated, hereby commences this individual and class action lawsuit against the defendants for compensatory, equitable, injunctive, and punitive damages as alleged herein. Plaintiff amends her original and first amended allegations as follows, based upon discovery taken to date, her personal knowledge and upon information and belief, as well as upon her attorneys' investigative efforts as to Defendants' actions and misconduct, and alleges as follows:

### INTRODUCTION

1.    Plaintiff brings this lawsuit individually on behalf of herself and on behalf of the class of all other individuals who received illegal pre-recorded telephone messages (political

robocalls) during the period of February 25, 2016 through and including May 9, 2016 ("the class period"), regarding plaintiff Joann Hurley and her campaign and bid for re-election on the Wayne County BOE school board.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Joann Hurley, at all times relevant hereto, is a resident and citizen of Wayne County, West Virginia, and is a respective member of the class.

3. Defendant Wayne County Board of Education ("WCBOE") is a West Virginia political subdivision as set forth in W. Va. Code 29-12A-1 et seq., established by the West Virginia legislature.

4. Defendant Thomas Messer is a West Virginia resident and citizen. At all times relevant hereto, defendant Thomas Messer is and was an agent, representative and/or employee of defendant WCBOE. At all times relevant hereto, defendant Messer was acting within the scope of his employment with defendant WCBOE, as an agent, employee and/or representative.

5. Defendant RingCentral, Inc. ("RingCentral") is a Delaware corporation with its principal place of business located in Belmont, California. At all times relevant hereto, defendant RingCentral provided Voice Over Internet Protocol ("VOIP") services and broadcasted the subject prerecorded messages through number, 877-205-4603.

6. Defendant Callcentric, Inc. ("Callcentric") is a New York corporation with its principal place of business located in New York, New York. At all times relevant hereto, defendant Callcentric provided Voice Over Internet Protocol ("VOIP") services and broadcasted the subject prerecorded messages to members of the class through number, 631-542-1867.

7. Defendant Fiverr, Inc. ("Fiverr") is a Delaware corporation with its principal place of business in New York, New York. At all times relevant hereto, defendant Fiverr, through its actors, did the voiceovers for the subject prerecorded messages.

8. Defendant Voicent Communications, Inc. ("Voicent") is a California corporation with its principal place of business located in Santa Clara, California. At all times relevant hereto, defendant Voicent provided the autodialing for the subject prerecorded messages.

9. Jurisdiction and venue in this Honorable Court is hereby proper pursuant to 28 U.S.C. 1331, as both plaintiff and defendants Messer, Pertee and the WCBOE reside in the Southern District of West Virginia, Huntington Division; the other named defendants transact and and this matter involves Defendant's violation of federal law, as set forth in the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. 227 and 47 CFR 64.1200.

## FACTS

10. Prior to February of 2016, Plaintiff Joann Hurley filed her bid for re-election to the WCBOE school board.

11. On or about February 25, 2016, plaintiff Joann Hurley first received a phone call from phone number 631-542-1867, which contained a prerecorded telephone message that plaintiff Joann Hurley votes no for students and for schools and to vote responsibly. 631-542-1867 is a number that was provided and utilized by defendant Callcentric, a VOIP provider. The prerecorded message never disclosed the identity of the business, individual, or other entity initiating the call nor stated the telephone number or address of such business, other entity or individual.

12. The Telephone Consumer Protection Act ("TCPA") (47 U.S.C. 227) and the Federal Communications Commission ("FCC") Rules (47 C.F.R. 64.1200) prohibit prerecorded messages/calls from an autodialing system to cellular phones and paging services, and require that all artificial or prerecorded telephone messages shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual.

13. Plaintiff Joann Hurley continued to receive these illegal prerecorded telephone messages ("robocalls") on both her land line and cellular phone up to and including May 9, 2016, the day before Election Day. The TCPA and FCC rules and regulations further prohibit these prerecorded messages/calls from an automatic telephone dialing system being made to any telephone number assigned to a cellular telephone service or paging service.

14. In early March of 2016 through Election Day, these illegal prerecorded messages started coming from telephone number 877-205-4603. This number was provided by defendant RingCentral, a VOIP provider. Each call would contain a negative, false, misleading and/or defamatory prerecorded statement/message regarding plaintiff JoAnn Hurley's bid for re-election on the WCBOE school board. However, the source of the illegal prerecorded message would never be disclosed or provided during the message.

15. Shortly after receiving the first illegal prerecorded message on February 25, 2016, plaintiff Joann Hurley was advised by members of the community that they were also all receiving the same and/or similar illegal prerecorded messages from the same telephone number(s) on both their landlines and cellular phones.

16. On February 26, 2016, a member of the respective class received an illegal prerecorded message regarding plaintiff Joann Hurley's bid for re-election from telephone number 631-542-1867, which is associated with defendant Callcentric. Records, including Caller ID, listed defendant "Thomas Messer" as the source of this call. However, the source was never disclosed during the illegal prerecorded message.

17. At all times relevant hereto, defendant Thomas Messer, was an employee, agent and/or representative of defendant Wayne County BOE, as a technology coordinator and/or curriculum specialist. Defendant Messer acted as an agent and in the course of his employment with defendant WCBOE in planning, creating, initiating and broadcasting these illegal prerecorded messages to both landlines and numbers associated with cellular phones. Defendant Messer has admitted to such conduct in discovery in this case.

18. For the illegal prerecorded telephone messages in February, March and part of April of 2016, if "0" was hit immediately following the prerecorded message, it would state that "[y]ou have reached the voicemail of Thomas Messer."

19. Upon investigation, plaintiff learned that any and all persons and households who had any affiliation with Wayne County schools (whether he or she resided in Wayne County or not), as an employee, staff member, volunteer, student, substitute teacher, parent, emergency contact for any student or employee, etc. were also receiving these same illegal prerecorded messages which contained negative, false, misleading and/or defamatory statements regarding plaintiff Joann Hurley's bid for re-election on the Wayne County BOE school board.

20. In addition to landlines, these illegal prerecorded messages were being sent and autodialed to cellular phones/paging services in direct violation of the TCPA and FCC regulations.

21. Defendants initiated and made these illegal prerecorded messages from an automatic dialing system utilizing the Wayne County Schools master call list, which is maintained by defendants WCBOE, Thomas Messer and Sandra Pertee, and which contains the telephone numbers, both land and cellular, for all persons and households, including but not limited to, employees, staff members, volunteers, students, substitute teachers, parents, and emergency contacts for any student or employee. For example, a former employee of defendant WCBOE, who has not voted in Wayne County, West Virginia since approximately 2005 when she moved to Ohio, received these illegal prerecorded messages on her cellular phone.

22. None of the prerecorded messages initiated by the defendants disclosed the identity of the business, individual, or other entity initiating the call, nor stated the telephone number or address of such business, other entity, or individual in direct violation of 47 U.S.C. 227 and 47 C.F.R. 64.1200.

23. Defendant Messer, in the scope of his employment with defendant WCBOE, broadcasted the prerecorded messages through an automatic dialing system during regular business hours during the defined class period. Despite this illegal conduct, defendant Messer is still employed by the WCBOE and was never disciplined for such conduct.

24. Investigation and discovery (through the deposition of defendant Messer's ex-wife, Ms. Brooke Golden) has revealed that despite his self-serving admissions, defendant Messer did not act alone, and was acting to serve defendants Pertee and the WCBOE. This illegal scheme to get plaintiff Joann Hurley off the board by planning, creating, initiating and broadcasting negative, false and illegal prerecorded messages about her was not only defendant Messer's doing, but also that of defendants Pertee and the WCBOE. Not only did defendants WCBOE and Superintendent Pertee ratify and approve of defendant Messer's actions in

broadcasting the illegal prerecorded messages, they also actively participated in this illegal scheme through the following acts:

- Defendant Pertee, as Superintendent of the WCBOE, not only possessed knowledge prior to and during the time the prerecorded messages were made, but also was actively involved with defendant Messer in planning and formulating the scripts for the prerecorded messages. Defendant Messer played the various recordings to Superintendent Pertee for input prior to the recording being sent out and broadcasted.

- Defendant Messer utilized his WCBOE issued computer and/or I-pad to create, edit and design the subject messages. Defendant Messer, at the same time, communicated with various members/agents/employees of defendant WCBOE, for their input regarding the messages. Upon information and belief, an agent/member/employee of defendant WCBOE knowingly provided defendant Messer with the master call list from the WCBOE in order to make the subject illegal robocalls.

- To confirm defendants WCBOE's and Superintendent Pertee's role in working with defendant Messer and actively participating in this illegal scheme to get plaintiff Joann Hurley off the School Board, defendant Messer was never disciplined by his employer, defendant WCBOE, and was reimbursed by defendant WCBOE through stipends for any out-of-pocket expenses he had associated with the planning, creating, initiating and broadcasting the subject prerecorded messages.

25. Not only are defendants Pertee and the WCBOE directly and vicariously liable for the subject illegal prerecorded messages, defendants completely ratified and knowingly approved of defendant Messer's illegal actions by issuing him stipends for the costs/expenses associated with these illegal prerecorded messages and never disciplining or reprimanding him for his actions and conduct.

26. In addition to the learning of these new facts through Ms. Brooke Golden's recent deposition testimony, which occurred on September 14, 2017, plaintiff has received the sworn affidavit of Melissa Hall. Ms. Hall, a resident of Prichard, Wayne County, West Virginia, is a certified athletic trainer and girls' track and cross country coach at Spring Valley High School, in Wayne County, West Virginia. Ms. Hall regularly attended board meetings during defendant Pertee's tenure as superintendent, and ran for the WCBOE in 2016, and was on the ballot with plaintiff Joann Hurley when the subject prerecorded messages were being broadcasted. Ms. Hall testified in her affidavit, which attached hereto as *Exhibit A*, as follows:

> I am also aware of the negative and false prerecorded robocalls that were ran and broadcasted against Joann during her campaign for re-election in 2016. My parents, Bob and Sheila Perry received the calls on multiple occasions.
>
> I am aware that Board employee, Thomas Messer, was one of the persons behind the prerecorded messages and had them initiated.
>
> Based upon the prerecorded messages that I have personally heard, some of the recordings used in the prerecorded messages had to have come directly from Superintendent Pertee and the Board. These recorded passages were part of discussions held at board meeting. These passages are not readily available to the public.
>
> There is no doubt in my mind based upon the recordings and prerecorded messages that I personally have listened to, as well as what I have witnessed at board meetings and experienced personally, that Superintendent Pertee and administrative assistant, Marylou Perry, at a minimum had direct knowledge and a role in assisting Thomas Messer in planning, creating and initiating these

negative and false prerecorded messages against Joann Hurley during her bid for re-election to the Board in 2016.

27. As such, based on the foregoing, defendants WCBOE and Pertee not only knew about this illegal scheme concerning the subject prerecorded messages, but were actively involved with and participated in the illegal conduct alleged herein, and further ratified and approved defendant Messer's admitted actions by issuing him stipends for expenses and not disciplining or reprimanding him for this conduct. Defendant Messer's actions, in turn, were clearly made to serve defendant WCBOE in attempting to get plaintiff Joann Hurley off the school board.

28. Defendants Messer, Pertee and the WCBOE, through defendant Messer, retained several entities that assisted and took on an active role in carrying out this illegal scheme. First, two Voice Over Internet Protocol ("VOIP") companies, defendants RingCentral and Callcentric, were hired/retained, and both knowingly provided defendants Messer, Pertee and the WCBOE an avenue and means, through a direct telephone number, to broadcast the subject illegal prerecorded messages to members of the class. Defendants RingCentral and Callcentric have direct knowledge of and the right of control over the illegal conduct alleged herein, as the subject prerecorded messages and robocalls were broadcasted by defendants RingCental and Callcentric themselves through their own assigned telephone numbers (Callcentric: 631-542-1867 and RingCentral: 877-205-4603), and both defendants maintain records of the subject robocalls being initiated.

29. Defendant Voicent provided autodialing software to defendant Messer so that the subject prerecorded messages – robocalls could be made through the use of an automatic telephone dialing system. Defendant Voicent would also have direct knowledge of and the right

of control over the illegal conduct involved, through its records and direct transactions with defendant Messer.

30. Defendant Messer also hired/retained voice actors from defendant Fiverr, who would read the prepared script for the subject prerecorded message. Defendant Fiverr directly participated in, had knowledge and the right to control the illegal conduct alleged herein, as the "voice" of the subject prerecorded message. As the "voice", defendant Fiverr would have direct knowledge that the subject prerecorded messages were in violation of the TCPA.

## CLASS ALLEGATIONS

31. Plaintiff brings this action on her own behalf, and as a class action on behalf of the Class defined herein, pursuant to, and properly maintainable under the Federal Rules of Civil Procedure, Rule 23, specifically.

32. The proposed class consists of any and all persons and households who are/were a part of the Wayne County school system contact list, including but not limited to, board members, employees, staff members, volunteers, students, substitute teachers, parents, guardians, and emergency contacts for any student or employee.

33. Plaintiff is a member of the prospective class because she is a board member, and upon information and belief, is listed on the Wayne County school system contact list, and received illegal pre-recorded telephone messages (i.e. political robocalls) during the period of February 25, 2016 through and including May 9, 2016, regarding her bid for re-election to the Wayne County BOE school board. During this period of time, upon information and belief, defendants planned, created, caused, broadcasted and initiated thousands of illegal, misleading, defamatory and false prerecorded telephone messages regarding plaintiff Joann Hurley to be made to members of the prospective class.

34. The members of the prospective class are so numerous that joinder of all class members is impractical. Plaintiff does not know the exact number of members of the Class because such information is in the exclusive control of the defendants; however, based upon the size of the Wayne County school system, there is reason to believe the number of persons who received these illegal prerecorded messages on their cellular phones and/or landlines is at a minimum over 1,000. The exact number and identities of the class members are currently unknown but can be ascertained from the books and records of the defendants.

35. Common questions of law and fact exist as to all members of the class that predominate over any questions affecting any individual class members.

36. Common questions of law and fact include, but may not be limited to:

   a) Whether Defendants' acts constitute violations of the regulations of the Telephone Consumer Protection Act, 47 U.S.C. 227.

   b) Whether Defendants' acts constitute violations of the regulations of the Federal Communications Commission ("FCC") Rules, 47 C.F.R. 64.1200.

   c) Whether defendants utilized equipment owned, operated and/or controlled by defendants WCBOE, Pertee and/or Messer to initiate any and/or all of the subject prerecorded telephone messages.

   d) Whether defendants utilized the Wayne County school system contact list to determine who would receive any and/or all of the subject prerecorded telephone messages.

   e) Which agents, representatives and/or employees of the defendants participated in the planning, creating, initiating and broadcasting the subject prerecorded telephone messages.

  f) Whether or not any other outside entity, person, company and/or firm was utilized, involved with or affiliated in any manner with the decision, planning, creating, initiating and/or broadcasting the subject prerecorded telephone messages.

  g) The number of prerecorded messages/calls made and/or broadcasted to cellular phones and/or paging services.

  h) Whether defendants Messer and/or Pertee were acting in the scope of his/her employment with defendant WCBOE.

  i) Whether any and all of the defendants are directly liable for the conduct alleged herein.

  j) Whether any agency and/or ratification relationship exists between any of the named defendants in this action.

  k) Whether any and all of defendants are vicariously liable for the conduct alleged herein.

  37. Plaintiff's claims are typical of the Class members' claims because Plaintiff's claims arise from the same common course of conduct giving rise to the claims of the members of the Class (i.e. violation of 47 U.S.C. 227 and 47 C.F.R. 64.1200) and the relief sought is common to the Class.

  38. Plaintiff will fairly and adequately protect the interest of the Class. Plaintiff has no interest that is antagonistic to other members of the Class. Plaintiff has retained counsel with the competence and experience in the prosecution of class action litigation and other complex litigation to properly represent Plaintiff and the Class.

39. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members. The prosecution of separate actions by the individual members of the Class for the relief sought herein would result in duplicitous litigation over the same issues, create a risk of inconsistent or varying adjudications, or establish incompatible standards of conduct for defendants.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all damaged Class members is impracticable. Prosecution as a class action will eliminate the possibility of repetitious litigation. The damages suffered by individual members of the Class are similar, relatively small (approximately $500.00 for each illegal prerecorded message, or if conduct is determined willful - $1,500.00), and the expense and burden of individual prosecution of the claims asserted in this litigation would make it difficult for individual claimants to pursue individual claims. Absent the availability of class action procedures, it would not be feasible for Class members to redress the wrongs done to them. Even if the Class members could afford individual litigation for the specific relief sought herein, the court system could not so afford the burden. The class action device presents fewer case management difficulties and will provide the benefits of unitary adjudication, economy of scale, and comprehensive supervision by a single court without the duplication of effort and expense that numerous individual actions would create.

41. The class is readily definable – persons on the Wayne County school system contact list, including but not limited to, board members, employees, staff members, teachers, volunteers, students, substitute teachers, parents, guardians, and emergency contacts for any student or employee.

## COUNT I
## VIOLATION OF 47 U.S.C. 227(b)
## DIRECT LIABILITY – ALL DEFENDANTS

42. Paragraphs 1 through 41, above, are incorporated herein.

43. This is a count for Defendants' violations of the Telephone Consumer Protection Act in planning, creating, initiating, broadcasting and making the subject prerecorded messages to members of the defined class on his/her cellular phone, paging service or other related service.

44. The Telephone Consumer Protection Act, 47 U.S.C. 227(b), entitled *"Restrictions on the use of Automated Telephone Equipment"* provides:

> (1) PROHIBITIONS. – It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
> (iii) to any telephone number assigned to a <u>paging service, cellular telephone service</u>, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

45. Defendants' actions, conduct and omissions, in making and broadcasting the subject prerecorded messages/calls from an automatic telephone dialing system to cellular and paging services, directly violates the Telephone Consumer Protection Act, 47 U.S.C. 227(b), entitling plaintiff and the respective class to any and all damages recoverable under 47 U.S.C. 227(b)(3).

## COUNT II
## VIOLATION OF 47 C.F.R. 64.1200(a)
## DIRECT LIABILITY – ALL DEFENDANTS

46. Paragraphs 1 through 45, above, are incorporated herein.

47. This is a count for Defendants' violations of the Federal Communications Commission ("FCC") rules in planning, creating, initiating, broadcasting and making the subject prerecorded messages to members of the defined class on his/her cellular phone, paging service or other related service.

48. The FCC, in 47 C.F.R. 64.1200, entitled *"Delivery restrictions"* provides:

(a) No person or entity may:

(1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;

(iii) To any telephone number assigned to a <u>paging service, cellular telephone service</u>, specialized mobile radio service, or other common carrier service, or any service for which the called party is charged for the call.

49. Defendants' actions, conduct and omissions, in making and broadcasting the subject prerecorded messages/calls from an automatic telephone dialing system to cellular and paging services, directly violates 47 C.F.R. 64.1200(a), entitling plaintiff and the respective class members to damages.

## COUNT III
## VIOLATION OF 47 U.S.C. 227(b)
## VICARIOUS LIABILITY – DEFENDANTS WCBOE, SANDRA PERTEE, RINGCENTRAL, CALLCENTRIC, VOICENT AND FIVERR

50. Paragraphs 1 through 49, above, are incorporated herein.

51. At all times relevant herein, through the facts alleged in this Second Amended Complaint, in addition to directly participating in the illegal conduct alleged herein related to the subject prerecorded messages, defendants WCBOE, Pertee, RingCentral, Callcentric, Voicent and Fiverr exercised, or had the right to exercise, control over defendant Messer in regards to the

illegal conduct alleged herein related to the planning, creating, initiating and broadcasting the subject prerecorded messages and the manner and means in which this scheme was accomplished.

52. As an agent of the named defendants, and an employee of defendant WCBOE acting in the scope of his employment, defendant Messer's illegal actions and conduct set forth herein were subjected to defendants' control and were fully approved, authorized and ratified by the defendants. Moreover, such actions were carried out on the behalf of defendants, WCBOE and Pertee, to serve them in this scheme to get plaintiff Joann Hurley off the school board.

53. At all times relevant herein, defendants held out defendant Messer as their agent, and represented to the general public and members of the defined class that defendant Messer was in fact, an agent of the defendants.

54. Defendants authorized, approved and ratified the acts committed by defendant Messer, who was acting as an agent for the defendants and in the course of his employment with defendant WCBOE. Such acts were in direct violation of the TCPA, and specifically 47 U.S.C. 227(b), as alleged herein, and defendants are therefore, vicariously liable for such actions and conduct, entitling plaintiff and the respective class members to damages.

WHEREFORE, plaintiff, as representative of the putative class, requests judgment against the defendants as follows:

a.) Any and all damages recoverable by law under 47 U.S.C. 227 to be determined by a jury;

b.) Any and all damages recoverable by law under 47 C.F.R. 64.1200 to be determined by a jury;

c.) Compensatory, incidental and consequential damages to be determined by a jury;

d.) Punitive damages to be determined by a jury;

e.) Attorney fees and costs associated with the prosecution of these claims; and

f.) Other such relief the Court deems fair and necessary.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**.

**JOANN HURLEY, on behalf of
herself, and all others similarly situated,**

By Counsel,

/s/ J. Ryan Stewart
Timothy C. Bailey (WVSB #5839)
J. Ryan Stewart (WVSB #10796)
BAILEY JAVINS & CARTER, L.C.
P.O. Box 3712
Charleston, WV 25337
Telephone: 304-345-0346
Fax: 304-345-0375
tbailey@bjc4u.com
rstewart@bjc4u.com

Anthony Majestro (WVSB #5165)
Powell & Majestro, PLLC
P.O. Box 3081
405 Capitol Street, Suite P-1200
Charleston, WV 25331
Telephone: 304-346-2889
amajestro@powellmajestro.com