# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JOANN HURLEY, on behalf of herself
and all others similarly situated,

                      Plaintiffs,

v.                                        CIVIL ACTION NO. 3:16-9949

THOMAS MESSER, a W.Va. citizen,
SANDRA PERTEE, a W. Va. citizen,
WAYNE COUNTY BOARD OF EDUCATION,
a West Virginia Political Subdivision,
RINGCENTRAL, INC., a Delaware Corp.,
CALLCENTRIC, INC., a New York Corp.,
AND VOICENT COMMUNICATIONS, INC.,
a California Corp.,

                      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Voicent Communications, Inc.'s Motion to Dismiss Second Amended Complaint. ECF No. 102. For the following reasons, the Court **DENIES, in part,** and **GRANTS, in part,** Voicent's motion.

### I. Background and Legal Standard

On October 4, 2018, this Court entered a Memorandum Opinion and Order addressing motions to dismiss filed by Fiverr, Inc., Callcentric, Inc., and RingCentral, Inc. ECF No. 111. The current motion and the motions filed by Fiverr, Callcentric, and RingCentral all involve similar arguments that Plaintiff's claims must be dismissed under Rule 12 of the Federal Rules of Civil Procedure. In ruling on the other three motions, the Court set forth the factual background and relevant legal standard. *Id*. at 2-4. As the same applies to the instant motion, the Court adopts and

incorporates herein the background and legal standard for a Rule 12(b)(6) motion as set forth in the earlier Memorandum Opinion and Order.

## II. Discussion

**A.** *Direct Liability*

As this Court previously stated, Plaintiff alleges in the Second Amended Complaint that all "Defendants initiated and made . . . illegal prerecorded messages from an automatic dialing system utilizing the Wayne County Schools master call list, which is maintained by defendants WVBOE, Thomas Messer and Sandra Pertee[.]" *Second Am. Compl.,* at ¶ 21, in part. In addition, Plaintiff asserts "[D]efendants planned, created, caused, broadcasted and initiated thousands of illegal, misleading, defamatory and false prerecorded telephone messages regarding plaintiff Joann Hurley to be made to members of the prospective class." *Id.* at ¶ 33. Plaintiff further alleges that "Defendants' actions, conduct and omissions, in making and broadcasting the subject prerecorded messages/calls from an automatic telephone dialing system to cellular and paging services, directly violated" 47 U.S.C. § 227(b) of the TCPA (Count I) and 47 C.F.R. 64.1200(a) of the FCC Rules (Count II). *Id.* at ¶¶ 45, 49.

Section 227(b) of the TCPA provides, in relevant part:

> It shall be unlawful for any person . . . --
>
> (A) to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*   \*   \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]"

47 U.S.C. § 227(b)(3), in part. Similarly, 47 C.F.R. § 64.1200(a) provides, in part:

> No person or entity may:
>
> (1) . . . initiate any telephone call . . . using an automatic telephone dialing system or an artificial or prerecorded voice;
>
> \* \* \*
>
> (iii) To any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

47 C.F.R. § 64.1200(a)(1)(iii). In *In re Dish Network, LLC*, 28 FCC Rcd. 6574 (2013), the FCC recognized that neither the statute nor the rules define the term "initiate." 28 FCC Rcd. at 6583, ¶ 26. In delineating the term, the FCC concluded "a person or entity 'initiate[s]' a telephone call" by taking "the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Id*.

In a subsequent ruling, the FCC further stated initiating a telephone call can mean either the person or entity that "take[s] the steps necessary to physically place a telephone call" or that is "so involved in the placing of a specific telephone call as to be deemed to have initiated it." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act 1991*, 30 FCC Rcd. 7961, 7980, ¶ 30 (2015) ("Omnibus Order") (internal quotation marks and citations omitted). The FCC explained it will

> look to the totality of the facts and circumstances surrounding the placing of a particular call to determine: 1) who took the steps necessary to physically place the call; and 2) whether another person or entity was so involved in placing the call as to be deemed to have initiated it, considering the goals and purposes of the TCPA.

*Id*. (citation omitted). With respect to the second prong for those that offer calling platform services for others to use, the FCC stated it also will consider as a factor whether they "knowingly allowed [their] client(s) to use that platform for unlawful purposes[.]" *Id*. (citation omitted).

As with Fiverr, Callcentric, and RingCentral, Defendant Voicent argues that it cannot be held liable under either the TCPA or the FCC Rules because the Second Amended Complaint is devoid of any factual allegations that it made or initiated the calls as contemplated therein. In the Second Amended Complaint, Plaintiff only mentions Defendant Voicent by name in two paragraphs. Specifically, Plaintiff alleges that Defendant Voicent "is a California corporation with its principal place of business located in Santa Clara, California. At all times relevant hereto, defendant Voicent provided the autodialing for the subject prerecorded messages." *Second Am. Compl.*, at ¶ 8. Additionally, Plaintiff alleges:

> Defendant Voicent provided autodialing software to defendant Messer so that the subject prerecorded messages – robocalls could be made through the use of an automatic telephone dialing system. Defendant Voicent would also have direct knowledge of and the right of control over the illegal conduct involved, through its records and direct transactions with defendant Messer.

*Id*. at ¶ 29.

Voicent argues that Plaintiff's allegations against it fail because it merely provided the autodialing software so that others could place the telephone calls. However, taking the allegations in the light most favorable to Plaintiff, the Court finds they are sufficient to state a plausible claim that Voicent knowingly allowed the other Defendants to use the technology for an unlawful purpose. Ultimately, whether or not Voicent may be held liable will depend upon a totality of the circumstances analysis, which is not appropriate on a motion to dismiss given the allegations in this case. Therefore, the Court denies Voicent's motion with respect to direct liability.

### b. Vicarious Liability

Turning to vicarious liability, the Court finds that the same analysis applies to Voicent as applied to Fiverr, Callcentric, and RingCentral. As with those Defendants, Plaintiff only has made conclusory allegations that Voicent is vicariously liable. *Second Am. Compl.*, at ¶¶ 51–54.

Therefore, the Court dismisses Plaintiff's vicarious liability claim against Voicent for the same reasons set forth in the Court's October 4 Memorandum Opinion and Order.

### III. Conclusion

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendant Voicent's Motion to Dismiss Count III for vicarious liability, but **DENIES** the motion with respect to Counts I and II for direct liability. ECF No. 102.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 10, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE