IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**JOANN HURLEY, on behalf of**
**herself, and all others similarly situated,**

       **Plaintiffs,**

**vs.**

**THOMAS MESSER, *et al.*,**

       **Defendants.**

**Civil Action No.: 3:16-cv-9949**
**Honorable Robert C. Chambers**

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Settlement Agreement"), subject to approval by the Court, as defined herein, is made between Joann Hurley ("Plaintiff"), as the proposed representative of the Settlement Class, as defined herein, and Defendants Wayne County Board of Education ("WCBOE"), Sandra Pertee ("Ms. Pertee"), and RingCentral, Inc. ("RC") (collectively the "Defendants").   Plaintiff and Defendants are collectively referred to hereinafter as the "Parties" for purposes of this Agreement.

## I. RECITALS

1.     **Parties.** Defendants and Plaintiff Joann Hurley, individually, and as the representative of the Settlement Class (defined below), enter into this Agreement as to the claims of Plaintiff and the Settlement Class arising from political campaign calls made by Defendant Thomas Messer in connection with a Wayne County Board of Education election in which Plaintiff was running for reelection.

2.     **Nature of the Lawsuit.** On October 21, 2016, Joann Hurley, individually and on behalf of a purported class, filed a lawsuit in the United States District Court for the Southern District of West Virginia at Huntington, captioned *Joann Hurley v. Wayne County Board of*



*Education and Thomas Messer,* Case No. 3:16-cv-9949 (the "Lawsuit"). The initial complaint was superseded by a series of amended complaints, including the operative Second Amended Complaint, which the Court allowed to be filed on November 17, 2017.  In the Second Amended Complaint, Plaintiff alleged that Defendants Messer, WCBOE, Pertee, RC, and others violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and rules promulgated thereunder by the Federal Communications Commission, in connection with alleged prerecorded campaign calls made by Mr. Messer.  Specifically, Plaintiff alleged that Mr. Messer made prerecorded calls using an automatic telephone dialing system ("ATDS") without permission to residents of Wayne County concerning an upcoming WCBOE election in which Plaintiff was seeking reelection.  Plaintiff further alleged that certain of Mr. Messer's calls were made to wireless phone numbers in violation of Section 227(b) of the TCPA (the "Calls at Issue").

The Parties engaged in the exchange of substantial discovery, including numerous depositions, and on January 23, 2020, engaged in mediation, at which the Parties reached a class agreement, subject to approval of the Court.

3.     **Denial of Liability.** By entering into this Agreement, Defendants do not admit they are liable to Plaintiff or the Settlement Class, nor do Defendants concede that, absent a settlement, Plaintiff's putative class may properly be certified under the Federal Rules of Civil Procedure or the West Virginia Rules of Civil Procedure.  Defendants desire to settle Plaintiff's claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims which have or could have been asserted by Plaintiff against Defendants relating to Defendants' alleged wrongful actions or omissions.  Defendants deny all liability to Plaintiff and the Settlement Class and deny any wrongdoing in connection with the subject matter of the Lawsuit.

4.      Plaintiff, individually and on behalf of the Settlement Class, desires to settle her claims alleged against Defendants in the Lawsuit, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Lawsuit will be further protracted and expensive.

5.      Plaintiff's counsel has conducted an extensive investigation of the facts and applicable law, including, but not limited to, obtaining discovery on issues pertaining to class size and damages. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6.      In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's Counsel, Defendants, and Defendants' respective Counsel agree collectively to settle the claims of Plaintiff and the Settlement Class arising from Mr. Messer's Calls at Issue in this Lawsuit, subject to the Court's approval, on the following terms and conditions.

## II. DEFINITIONS

1.      "Action" or "Lawsuit" means the civil action styled as *Joann Hurley v. Thomas Messer, et al.*, denominated Case No. 3:16-cv-9949, which is pending in the United States District Court for the Southern District of West Virginia, at Huntington.

2.      "Administrative Costs" means all costs and expenses associated with and incurred in connection with providing notices to the Proposed Class; payment of settlement amounts; costs of locating Class Members whose current addresses are not reflected in existing records of the Parties; all costs and expenses incurred by or on behalf of the Claims Administrator; compensation of the Claims Administrator; and any other costs of or associated

with administration of the Class.  The term "Administrative Costs" does not include any fees, costs or expenses incurred by Class Counsel or any Class Members.

3.      "Agreement" or "Settlement Agreement" means this proposed Class Action Settlement Agreement.

4.      "Claims Administrator" means and refers to Epperly Re:Solutions , the entity the Parties have designated to administer the Settlement in accordance with this Agreement, upon approval of the Court.

5.      The proposed "Class" for purposes of this Settlement Agreement means:

All persons who received a telephone call to his/her cellular telephone service or other wireless service by or on behalf of Thomas Messer at any time during the defined class period of February 25, 2016 through and including May 9, 2016, as identified by Plaintiff's expert Anya Verkhovskaya and confirmed as successfully made by its presence in defendant RingCentral's call logs produced in the Lawsuit.

Excluded from the Class are the United States District Court for the Southern District of West Virginia and its staff; defendant Thomas Messer; defendant Sandra Pertee;  and defendant Wayne County Board of Education (including members and management level – central office employees of the Wayne County Board of Education during the defined class period (excluding Class Representative Joann Hurley).

6.      For settlement purposes only, and subject to Court approval, "Class Counsel" means Timothy C. Bailey and J. Ryan Stewart of Bailey Javins & Carter, L.C. and Anthony J. Majestro of Powell & Majestro, PLLC.

7.      "Class Counsel's Fees and Expenses" means the amount awarded to Class Counsel by the Court to compensate Class Counsel for fees and expenses in prosecuting the Action.

8.      "Class Members" mean all members of the Class.

9.     "Class Notice" means the Notice of Proposed Class Action Settlement and Final Hearing attached as **Exhibit A** hereto, or a substantially similar notice approved by the Court.

10.     "Class Representative" means Joann Hurley.

11.     "Court" means the United States District Court for the Southern District of West Virginia, in which the Action is pending.

12.     "Defendants' Counsel" means, collectively, Michael J. Farrell and Bernard S. Vallejos of Farrell White & Legg, PLLC (representing Defendants WCBOE and Ms. Pertee) and Mary Ann L. Wymore of Greensfelder, Hemker & Gale, P.C. and Edward P. Tiffey of Tiffey Law Practice, PLLC (representing Defendant RC).

13.     "Effective Date" means the date on which this Agreement and the Final Approval Order are effective pursuant to this paragraph. This Effective Date shall be the later of: (i) thirty-one (31) days after the docketing and entry of the Final Approval Order which is also the day after the last date for filing a Notice of Appeal, or (ii) the day after any order on appeal becomes final and non-appealable and there are no further proceedings on remand, including no further appeal of orders issued on remand.

14.     "Gross Settlement Amount" means a cash payment by Defendants in the total amount of Three Hundred Thousand Dollars and No Cents ($300,000.00), apportioned as follows:  Eighty-seven Thousand Five Hundred Dollars and No Cents ($87,500.00) payable by Defendants WCBOE and Ms. Pertee, through their insurance carrier; and Two Hundred Twelve Thousand Five Hundred Dollars and No Cents ($212,500.00) payable by Defendant RC.  The Gross Settlement Amount shall be used to pay (1) all Settlement Payments; (2) any Court-approved Class Counsel Fees and Expenses; (3) any Court-approved Class Representative service award payment; and (4) all costs for class notice and administration expenses.  Neither

WCBOE, Ms. Pertee, nor RC shall be liable under this Agreement, in connection with the Lawsuit, or in any other manner whatsoever in excess of their apportioned amounts of the Gross Settlement Amount.

15.     "Parties" shall mean Plaintiff Joann Hurley, all Class Members, and Defendants WCBOE, Ms. Pertee and RC.

16.     "Plan of Allocation" means the terms and procedures for allocating the Gross Settlement Amount among and for distributing amounts to Settlement Class Members as proposed in the Class Notice and approved by the Court.

17.     "Preliminary Approval Order" means an order from the Court preliminarily approving the Settlement.  A copy of a proposed Order Granting Preliminary Approval of Class Action Settlement is attached hereto as **Exhibit B**.

18.     "Settlement Class" means all eligible Class Members who do not opt out of the settlement.

19.     "Settlement Payment" means the payment made to each Settlement Class Member pursuant to this Agreement.

20.     "Releasees" mean Defendants RingCentral, Inc., the Wayne County Board of Education, and Sandra Pertee, and each of their respective past, present and future parent companies, organizations, entities, political divisions or subdivisions, and each direct and indirect past, present or future subsidiaries, affiliates, divisions, subdivisions, offices, departments, joint ventures, corporations in common control, predecessors, successors, assignors, assignees, and/or assigns thereof, and their respective past, present or future employees, associates, agents, representatives, insurers, reinsurers, accountants, trustees, administrators, law firms, attorneys, legal representatives, officers (whether acting in such

capacity or individually), shareholders, partners, members, owners, control persons, advisors, directors, principals, creditors, representatives, employees, managers, or any agent acting or purporting to act for them or on any of their behalf.

### III. EFFECTIVE DATE AND SCHEDULE

This proposed Agreement will become effective upon the Effective Date.  Plaintiff shall promptly file an unopposed Motion for Preliminary Approval of the Settlement in a form agreed by the Parties, attaching this Agreement with Exhibits.  In the Motion for Preliminary Approval, Plaintiff shall request that the Court grant preliminary approval of the Settlement; enter an Order substantially in the form and content of **Exhibit B**; and approve the Class Notice substantially in the form and content of **Exhibit A**.

Promptly after the Court grants preliminary approval of the Settlement and enters Exhibit B, but in no event later than thirty (30) days after the Court grants preliminary approval, the Claims Administrator shall send the approved Class Notice to the Class Members via first class U.S. Mail, postage prepaid.

### IV. NO ADMISSION OF LIABILITY

Nothing in this Agreement or any of the procedures carried out pursuant hereto shall constitute or be construed as an admission of liability or wrongdoing on the part of the Releasees.  Nothing in this Agreement shall constitute an admission by the Releasees that the Action was properly brought as a class or representative action or an admission by the Releasees of the propriety of the Action.

It is agreed that neither the existence of this Agreement, its contents, nor communications or negotiations culminating in this Agreement, may be used as evidence of liability or fault on the part of the Releasees or any person or entity associated in any way with the Releasees.

## V. THE SETTLEMENT TERMS

### A.     Gross Settlement Amount

The Gross Settlement Amount is the total amount due from Defendants in connection with the Action, to be delivered to the Claims Administrator, and is inclusive of (1) all Settlement Payments; (2) any Court-approved Class Counsel Fees and Expenses; (3) any Court-approved Class Representative service award payment; and (4) all costs and expenses for class notice and claims administration, all as more particularly set forth below.

### B.     Fairness of Gross Settlement Amount

Based on their own independent investigations and evaluations, the Parties and their respective counsel are of the opinion that the settlement for the consideration and on the terms set forth in this Agreement is fair, reasonable and adequate and in the best interests of the Settlement Class and the Released Entities in light of all known facts and circumstances and the risks inherent in litigation.  Class Counsel believes that the settlement amount entered into is in the best interest of the Settlement Class and that the settlement for each participating Class Member is fair, reasonable, and adequate, given the inherent risks of litigation.

### C.     Settlement Payments and Distribution

1.     Within fourteen (14) days of the Effective Date, Defendants shall provide the Claims Administrator with their respective portion of the Gross Settlement Amount.  The Claims Administrator will calculate the amount available for distribution to the Settlement Class Members ("Claims Distribution Fund") by subtracting from the Gross Settlement Amount the amounts approved by the Court for payment of attorneys' fees and expenses, the incentive award to Plaintiff, and the costs for class notice and administration expenses.

The Claims Distribution Fund shall be allocated to all Settlement Class Members (who do not exercise their right to opt out pursuant to Section IX below) based on the number of calls received by the Settlement Class Member during the Class Period as identified by Plaintiff's expert Anya Verkhovskaya and confirmed as successfully made in defendant RingCentral's call logs produced in the Lawsuit.  Settlement Class Members who received between 1 and 14 calls shall receive one base payment; Settlement Class Members who received between 15 and 19 calls shall receive two base payments; and Settlement Class Members who received 20 or more calls shall receive three base payments.  The total of all base payments shall equal the amount of the Claims Distribution Fund.  The Parties estimate that each base payment will be approximately Six Hundred Fifteen Dollars and No Cents ($615.00).

In the event that more than one claimant makes a claim of receipt of a telephone call to the same telephone number identified by Plaintiff's expert Anya Verkhovskaya and confirmed as successfully made by its presence in defendant RingCentral's call logs produced in the Lawsuit (Duplicate Claim), the Claims Administrator will request that each claimant that submitted such Duplicate Claim provide a copy of a telephone bill verifying that he/she/it was the owner of the telephone number at the time the telephone call was received.  If only one of the claimants submitting a Duplicate Claim provides the requested telephone bill, payment will be made to that claimant and not to any other claimants that submitted a Duplicate Claim.  If more than one claimant submits the requested telephone bill, the Duplicate Claims submitted by those claimants will be treated collectively as a single claim, and the settlement benefits paid for such claim will be divided evenly between the claimants that submitted the Duplicate Claims and also provided the requested telephone bills.  Only one payment will be made per Duplicate Claim.

2.    Each Class Member has the option to opt out of the Settlement.   Any Class Member choosing to opt out of the Settlement must submit a Notice of Opt-Out by first-class mail, postmarked no later than the deadline set forth in the Class Notice, unless that date is extended by order of the Court.

3.    The Claims Administrator will mail Settlement Payments within thirty (30) days of the Effective Date.   Settlement Payments shall be made in the form of a check, which shall expire ninety (90) days after the date on the Check.   If a check is returned and marked "Undeliverable," the Claims Administrator shall make reasonable efforts to locate the Settlement Class Member, reissue the check and send it to a forwarding address.   The reissued check shall expire sixty (60) days after it is reissued.

4.    All Settlement Payments not concluded because a check issued (or re-issued, if applicable) to a Settlement Class Member is not cashed, deposited or returned prior to its expiration shall be cancelled and the amount of the check, and any other Settlement funds not paid out or claimed as specified herein shall be escheated as unclaimed property and paid by the Claims Administrator to the West Virginia State Treasurer's Unclaimed Property Division pursuant to the provisions of the West Virginia Uniform Unclaimed Property Act.

5.    The Parties agree that all Class Members who do not opt out shall be solely responsible for any and all tax obligations associated with this Settlement.   Nothing in this Agreement is intended to constitute legal advice or tax advice.   To the extent that this Agreement or any of its Exhibits are interpreted to contain or constitute advice regarding any federal, state or other governmental tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties under the Internal Revenue Code or any state or other governmental code to the same or similar effect.

**D.     Appointment of Class Representative and Class Counsel**

For settlement purposes only, and subject to Court approval, Plaintiff Joann Hurley is appointed as Class Representative, and Powell & Majestro, PLLC and Bailey, Javins & Carter, L.C. are appointed as Class Counsel.  The Parties agree that class certification is for settlement purposes only, and further agree that the certification of the Class, the execution of this Agreement and any related papers, and any act taken or court paper filed in furtherance of this Agreement shall not be used to urge that a litigation class should be certified against Defendants, or any of them.  In the event this Settlement is not approved, Defendants each retain the right to oppose the certification of any putative class and to contest both the Lawsuit on any grounds.

**E.     Class Representative Payment**

The Class Representative will provide testimony and argument at the Final Approval Hearing in support of an incentive/service award.  Following such testimony and argument, the Class Representative will then request approval by the Court of an amount certain to be paid for the incentive/service award, which shall be deducted from the cash Gross Settlement Amount and paid within thirty (30) days of the Effective Date.

**F.     Class Counsel's Fees and Expenses**

Defendants shall not object to the request by Class Counsel to receive Seventy-five Thousand Dollars and No Cents ($75,000.00) (*i.e.*, one quarter of the Gross Settlement Amount) for attorney's fees, plus costs and expenses.  These Class Counsel Fees, Costs, and Expenses, which shall be deducted from the Gross Settlement Amount, shall fully compensate and reimburse Class Counsel for any and all work already performed in the Action and for all work remaining to be performed in fully and finally resolving the Action.  The payment by the Claims Administrator shall be made within thirty (30) days of the Effective Date.

**G.** **Costs of Notice and Claims Administration**

The costs of notice to Class Members by the Claims Administrator via United States mail, first class, to Class Members, along with administrative costs of the settlement implementation, in accordance with the terms and conditions of this Agreement or as otherwise directed by the Court, will be deducted from the Gross Settlement Amount.

## VI. VOIDING OF AGREEMENT AND RIGHT TO WITHDRAW

If the Court declines to approve the Agreement and procedures contemplated herein, then the Agreement is automatically null, void, and of no force and effect. If the Court imposes any material, additional, or increased burden, condition or obligation upon a Party and that entity finds it to be unacceptable, that entity will have fourteen (14) days after written notice of such order becoming final to withdraw from this Agreement, in which case the Agreement shall be null, void, and of no force and effect.

In the event the Court determines any proposed Class Representative payment or Class Counsel's Fees, Costs, and Expenses should be reduced, however, it is expressly agreed and understood that such a decision by the Court shall not operate as a means by which a Party can withdraw from this Agreement.

This Agreement and Class Settlement may be terminated by Defendants on written notice to Class Counsel up to seven (7) days prior to final approval hearing if Seven Percent (7%) or more of the members of the Plaintiff Class have excluded themselves.

## VII. RELEASE

This Agreement shall constitute a binding release as specified herein.

In consideration for the Settlement Amount and for Defendants' other promises contained herein, and subject to the final approval of the Court, each Member of the Settlement Class, for

and on behalf of the Class Member and the Class Member's present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons or entities who could claim through them, hereby unconditionally and irrevocably remises, releases, forever discharges and covenants not to sue RingCentral, Inc., the Wayne County Board of Education, or Sandra Pertee, or any of their respective past, present and future parent companies, organizations, entities, political divisions or subdivisions, and each direct and indirect past, present or future subsidiaries, affiliates, divisions, subdivisions, offices, departments, joint ventures, corporations in common control, predecessors, successors, assignors, assignees, or assigns thereof, or their respective past, present or future employees, associates, agents, representatives, insurers, reinsurers, accountants, trustees, administrators, law firms, attorneys, legal representatives, officers (whether acting in such capacity or individually), shareholders, partners, members, owners, control persons, advisors, directors, principals, creditors, representatives, employees, managers, or any agent acting or purporting to act for them or on their behalf, from and against any and all claims, counterclaims, actions, causes of action, suits, set-offs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements, rights, and any and all demands, obligations and liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known during the Class Period, at law or in equity, by right of action or otherwise, arising out of or relating to the Action, which the Class Member may have against them during the Class Period, including any and all claims for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227

and/or rules and regulations of the Federal Communications Commission promulgated thereunder.

## VIII. NOTICE TO THE SETTLEMENT CLASS

No later than thirty (30) days after entry of the Preliminary Approval Order, the Claims Administrator shall cause actual notice in the form of **Exhibit A** to be sent to Class Members identified in confidential Exhibit A to the Supplemental Expert Report of Anya Verkhovskaya dated October 18, 2019. This information will be maintained in strictest confidence and used solely for the purposes of class notice and administration. The Agreed Amended Protective Order entered in the Lawsuit June 27, 2019 (Dkt. 192) will govern the use of this information. *See* **Exhibit C,** Agreed Amended Protective Order.

The Claims Administrator shall distribute the notice via U.S. Mail, first class, providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Claims Administrator shall cause to be forwarded any such returned notice to the address provided within four (4) days of receipt. Class Counsel shall be responsible for directing the Claims Administrator and shall retain any documents generated in connection with the settlement for one year from the void date and may destroy the documents after that date.

## IX. OBJECTIONS AND OPT OUT TO SETTLEMENT

Opting Out of the Settlement Class. Any Class Member may seek to be excluded from the Settlement Class by opting out within the time period set by the Court. A request for exclusion must be in writing and include the name of the case. The request must also include the name, address, phone number, last four digits of the Class member's social security number, and signature of the person(s) or entity seeking exclusion. The request must be mailed to the Claims Administrator at the address provided in the Class Notice and the envelope must be postmarked

no later than such date set by the Court for opting-out. The Parties agree to recommend the deadline be thirty (30) days from the date of the mailing of Notice. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Settlement Class member and shall be bound as a Settlement Class member to the Agreement, if approved. The Claims Administrator shall forward copies of all requests for exclusion to all counsel of record in the Lawsuit no later than seven (7) days after receipt. Any Class Member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement.

Objecting to the Settlement. Any Settlement Class Member may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on Class Counsel and Defendants' Counsel within the time period set by the Court. The parties agree to recommend the deadline be thirty (30) days from the date of mailing of Notice. All objections must be in writing and personally signed by the Settlement Class Member and must include: (1) the objector's name, address, and telephone number; (2) the name and number of the case; (3) the cellular telephone number at which the objection Settlement Class Member received the Call(s) at Issue; and (4) the factual basis and legal grounds for the objection to the Settlement. The written objection must indicate whether the Settlement Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the last day of the exclusion/objection deadline set by the Court and shall include the full caption and case number of each previous class action case in which that

lawyer(s) has represented an objector.  The Claims Administrator shall forward copies of all objections to all counsel of record no later than seven (7) days after receipt.

## X. BINDING EFFECT OF AGREEMENT

This Agreement is binding upon and shall inure to the benefit of any Class Member who did not properly exclude himself or herself from the Class, as well as their heirs, successors, executors, personal or legal representatives, administrators, trustees, or anyone else claiming to have rights derived from or through the Class Member.

## XI. ENTIRE AGREEMENT

The Parties agree that this Agreement sets forth the entire understanding between the Parties with respect to the subject matter herein.  This statement is intended to satisfy all disclosure requirements of Rule 23 of the Federal Rules of Civil Procedure and Rule 23 of the West Virginia Rules of Civil Procedure.

## XII. CHOICE OF LAW

Except to the extent federal law applies, this Agreement and ancillary agreements shall be governed by and construed in accordance with the laws of the state of West Virginia without giving effect to its principles on conflicts of law.

## XIII. CURRENT STATUS OF OBJECTIONS

As of the time of the signing of this agreement, no signatory has actual knowledge that any Class Member intends to file any objection to the Agreement.

## XIV. REPRESENTATIONS

Plaintiff represents and warrants that she has not sold, assigned, transferred or otherwise disposed of any of the claims, demands or rights that are the subject of this Agreement or

otherwise related to the Action; and that she shall take all necessary action to effectuate the terms of this Agreement.

## XV. DESTRUCTION OF DOCUMENTS

The Parties and their Counsel shall retain all documents and records generated during the administration of the settlement including, without limitation, Notice given to the Class Members, records of undelivered mail, objections, requests for exclusion, and payments to any Settlement Class Member for a period of one year following entry of the Final Approval Order. After one (1) year following entry of the Final Approval Order, the Parties, their Counsel, and the Claims Administrator are free to destroy documents generated in connection with this Agreement.

## XVI. RELEASE OF ATTORNEYS' LIEN

In consideration of this Agreement, Class Counsel hereby discharges and releases the "Releasees," as defined hereinabove, of and from any and all claims for attorneys' fees or costs, by lien or otherwise, other than the amount of Class Counsels' fees and costs to be determined and distributed pursuant to Section V.E. above.

## XVII. ACKNOWLEDGEMENT OF CLASS COUNSEL

Class Counsel Powell & Majestro, PLLC and Bailey, Javins & Carter, L.C. hereby each represents and warrants that it does not at this time have any clients or potential clients with any unresolved claims of any other individual or entity which can be asserted against any of the Releasees.

## XVIII. MISCELLANEOUS

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by Defendants' respective Counsel and Class Counsel, and with Court approval.

This Agreement may be executed in multiple counterparts; in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

This Agreement may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court. Each of the parties hereto has jointly participated in the negotiation and drafting of this Agreement. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement.

AGREED TO ON THE LATEST OF THE DATES SET FORTH BELOW.

Joann Hurley: _____     DATE:  August ___, 2020

Sandra Pertee: _____     DATE:  August ___, 2020

Wayne County Board of Education:

By:     Todd Alexander, Superintendent                DATE:  August ___, 2020
        Wayne County Schools

Signed: _____

RingCentral, Inc.

By:     [NAME], its [TITLE]                            DATE:  August ___, 2020

Signed: _____

This Agreement may be executed in multiple counterparts; in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

This Agreement may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court. Each of the parties hereto has jointly participated in the negotiation and drafting of this Agreement. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement.

AGREED TO ON THE LATEST OF THE DATES SET FORTH BELOW.

Joann Hurley: _Joann Hurley_____     DATE: August _18_, 2020

Sandra Pertee: _____     DATE: August ___, 2020

Wayne County Board of Education:

By:   Todd Alexander, Superintendent     DATE: August ___, 2020
        Wayne County Schools

Signed: _____

RingCentral, Inc.

By:   [NAME], its [TITLE]     DATE: August ___, 2020

Signed: _____

1843173                                    18

This Agreement may be executed in multiple counterparts; in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

This Agreement may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court. Each of the parties hereto has jointly participated in the negotiation and drafting of this Agreement. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement.

AGREED TO ON THE LATEST OF THE DATES SET FORTH BELOW.

Joann Hurley: _____          DATE: August ___, 2020


Sandra Pertee: _____          DATE: August ___, 2020


Wayne County Board of Education:

By:     Todd Alexander, Superintendent          DATE: August _18_, 2020
        Wayne County Schools

Signed: _____


RingCentral, Inc.

By:     [NAME], its [TITLE]                      DATE: August ___, 2020

Signed: _____


1843173                          18

DocuSign Envelope ID: E3917422-9BDF-4323-B827-DAD1618B6E9D

collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

This Agreement may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court. Each of the parties hereto has jointly participated in the negotiation and drafting of this Agreement. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement.


AGREED TO ON THE LATEST OF THE DATES SET FORTH BELOW.


Joann Hurley: _____    DATE: August ___, 2020


Sandra Pertee: _____    DATE: August ___, 2020


Wayne County Board of Education:

By:    Todd Alexander, Superintendent        DATE: August ___, 2020
       Wayne County Schools

Signed: _____


RingCentral, Inc.

By:    John Harlan Marlow, its Chief Administrative    DATE: August 19, 2020
       Officer, General Counsel & Senior Vice President
       of Corporate Development

Signed: _____

AS TO FORM ONLY:


/s/Anthony J. Majestro
Anthony J. Majestro (WVSB #5165)
POWELL & MAJESTRO, PLLC
Post Office Box 3081
405 Capitol Street, Suite P-1200
Charleston, West Virginia 25331
(304) 346-2889

/s/ J. Ryan Stewart
Timothy C. Bailey (WVSB #5839)
J. Ryan Stewart (WVSB #10796)
BAILEY JAVINS & CARTER, L.C.
Post Office box 3712
Charleston, West Virginia 25337
(304) 345-0346


*Attorneys for Plaintiff Joann Hurley*


/s/ Bernard S. Vallejos
Michael J. Farrell (WVSB #1168)
Bernard S. Vallejos (WVSB #10017)
FARRELL, WHITE & LEGG PLLC
914 5th Avenue, P.O. Box 6457
Huntington, West Virginia 25772-6457
(304) 522-9100
*Attorneys for Defendants Wayne County Board of Education and Sandra Pertee*


/s/ Mary Ann L. Wymore
Mary Ann L. Wymore (*Visiting Attorney*)
GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, Suite 2000
St. Louis, Missouri  63102
(314) 241-9090

/s/ Edward P. Tiffey
Edward P. Tiffey (WVSB #6042)
TIFFEY LAW PRACTICE, PLLC
205 Capitol Street, 4th Floor/P.O. Box 3785
Charleston, West Virginia  25337-3785
(305) 344-3200


*Attorneys for Defendant RingCentral, Inc.*



LEGAL NOTICE

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

*Joann Hurley v. Thomas Messer, et al.,* Civil Action No. 3:16-cv-9949 (USDC SD WVa)

**THIS IS NOT A SUIT AGAINST YOU.** The purpose of this Notice is to advise you that a Settlement has been reached in the above civil action ("Lawsuit"). The Notice is being sent to you because the parties' records indicate that you are included in the Settlement, and that you may be entitled to a cash payment.

### What is the Lawsuit About?

The Lawsuit alleges that Defendants violated the Telephone Consumer Protection Act and regulations promulgated thereunder by the Federal Communications Commission in connection with alleged prerecorded political calls made using an automatic telephone dialing system without permission to recipients' cell phones concerning an election in which Plaintiff was seeking reelection.

Defendants deny that they acted improperly or did anything wrong. Defendants have agreed to the Settlement solely to avoid the burden, expense, risk, and uncertainty of continuing the Lawsuit.

### Who is Included in the Settlement?

The Class is defined as follows:

All persons who received a telephone call to his/her cellular telephone number by or on behalf of Thomas Messer at any time during the defined class period beginning on February 25, 2016 and continuing through and including May 9, 2016 (the "Class Period"), as identified by Plaintiff's expert and confirmed as successfully made by its presence in call logs produced in the Lawsuit.

Excluded from the Class are the United States District Court for the Southern District of West Virginia and its staff; defendant Thomas Messer; defendant Sandra Pertee; and defendant Wayne county Board of Education (including members and management level – central office employees of the Wayne County Board of Education during the defined class period (excluding Class Representative Joann Hurley).

The parties' records indicate that you are a member of the Class. Each person who is a member of the class is a "Class Member."

### What Does the Settlement Provide?

(1) **Automatic Cash Payment to Settlement Class Members**. The total amount of the Settlement is $300,000. Please understand that this amount will be reduced by any attorneys' fees and expenses, service award, and costs for class notice and claims administration expenses made by the Court.

Approved Settlement Class Members who do not opt out of the Class will receive up to three base payments calculated based on the number of calls they received during the Class Period. It is estimated that each base payment will be approximately Six Hundred Fifteen Dollars and No Cents ($615.00). Sums paid to Settlement Class members may be

taxable and counsel cannot give you tax advice. You are encouraged to seek tax advice without delay.

(2) **Service Award.** The Plaintiff who brought this lawsuit, Joann Hurley, will request an incentive award to be approved by the Court for serving as class representative.

(3) **Attorney's Fees and Costs.** Class counsel are Timothy C. Bailey and J. Ryan Stewart of Bailey Javins & Carter, L.C., Post Office box 3712, Charleston, West Virginia 25337; and Anthony J. Majestro of Powell & Majestro, PLLC, Post Office Box 3081, 405 Capitol Street, Suite P-1200, Charleston, West Virginia 25331. They will request repayment of the costs of the lawsuit they have advanced and an attorneys' fee of one-quarter the total amount of the Settlement.

(4) **Opinion of Class Counsel.** Class counsel considers it to be in the best interest of the class to enter into this Settlement on the terms described in light of the potential recovery, Defendants' defenses, and the uncertainties of continued litigation.

(5) **Release.** Class Members who do not opt out of the Class will release Defendants and related persons and entities from and against any and all claims, counterclaims, actions, causes of action, suits, set-offs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements, rights, and any and all demands, obligations and liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known during the Class Period, at law or in equity, by right of action or otherwise, arising out of or relating to the Action, which the Class Member may have against them during the Class Period, including any and all claims for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and/or rules and regulations of the Federal Communications Commission promulgated thereunder. For more information, Class Members should review the Settlement Agreement and Court's Order preliminarily approving the Settlement.

(6) **Binding Effect of Class Judgment.** Upon conclusion of the settlement, the judgment of the Court will be binding upon all Class Members who do not opt out of the Settlement.

### The Court's Fairness Hearing

The United States District Court for the Southern District of West Virginia will hold a hearing in this case on _____, 2020 at ___ a.m./p.m., in the Courtroom of the Honorable Robert C. Chambers. Class Members do not need to attend the hearing. The hearing date and time may be changed without further notice. If you wish to attend the hearing, you should call the Claims Administrator in advance to confirm the day and time.

### What Are Your Options?

(1) **Do Nothing.** To accept the Settlement, **you do not need to do anything**. If the Settlement is approved, a check will

1843172

be mailed to you. If you change your address, please inform the Claims Administrator at the address below;

(2)     **Exclude Yourself**.  You may "opt out" and exclude yourself from the Settlement. If you opt out by the deadline below, you will not receive any cash payment, and you will not release any claims you may have against Defendants. If you opt out, you will be free to pursue whatever legal rights you may have by pursuing your own lawsuit against Defendants at your own risk and expense.  To exclude yourself from the Settlement, you must mail a letter to the Claims Administrator (address below) stating that you wish to do so. Your letter must include your name, address, telephone number, the last four digits of your Social Security Number, and a statement that you are seeking exclusion. You must postmark your letter no later than ____, 2020 (any such letter postmarked after this date will have no effect); OR

(3)     **Object to the Settlement**.  If you object to the Settlement, you must submit your objection in writing to the Claims Administrator (address below) stating that you are a Class Member and that you wish to object.  You must postmark your objection no later than ____, 2020, and your objection should reference *Joann Hurley v. Thomas Messer, et al.,* Civil Action No. 3:16-cv-9949 (USDC SD W.Va). Objections must state the name, address, telephone number, and include the signature of the objector, and must identify the cellular telephone number at which you received the call(s) at issue in the lawsuit. The objection must also state specifically and in detail all reasons for the objections, including all facts, documents, and legal authorities that support the objection.

The objection must also state whether you or your own lawyer would like to appear and speak at the Court's fairness hearing, at your own cost. You do not need to appear at the fairness hearing to object to the settlement. If you intend to call witnesses at the fairness hearing, the objection should list any witnesses you intend to call.

Class Members who object to the Settlement but who do not opt out will remain as Class Members and be bound by the Settlement if approved by the Court.

**PLEASE DIRECT QUESTIONS TO:**

**Claims ADMINISTRATOR**
**Address**
Toll-Free Phone Number

FOR MORE INFORMATION VISIT [URL]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**JOANN HURLEY, on behalf of
herself, and all others similarly situated,**

   **Plaintiffs,**

**vs.**

            **Civil Action No.: 3:16-cv-9949**
            **Honorable Robert C. Chambers**

**THOMAS MESSER, *et al.*,**

   **Defendants.**

## PRELIMINARY APPROVAL ORDER

   Plaintiff Joann Hurley has moved for preliminary approval of a proposed class settlement which would resolve the Plaintiff's class action claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, in the above-captioned matter ("Lawsuit"). Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court GRANTS preliminary approval of the Settlement, finding specifically as follows.[1]

### I.  Jurisdiction

   1.  The Court preliminarily finds that it has jurisdiction over the subject matter of this Lawsuit and personal jurisdiction over the parties and the Settlement Class Members described below.

### II.  Certification of Settlement Class

   2.  Under Rule 23 of the Federal Rules of Civil Procedure, and solely for the purpose of settlement, the Court hereby preliminarily certifies the following Class, consisting of:

> All persons who received a telephone call to his/her cellular telephone service or other wireless service by or on behalf of Thomas Messer at any time during the defined class period of February 25, 2016 through and including May 9, 2016, as identified by Plaintiff's expert Anya Verkhovskaya and confirmed as successfully

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Class Action Settlement Agreement have the same meaning as set forth in the Class Action Settlement Agreement.

1843106

**EXHIBIT**

**B**

made by its presence in defendant RingCentral's call logs produced in the Lawsuit.

Excluded from the Class are the United States District Court for the Southern District of West Virginia and its staff; defendant Thomas Messer; defendant Sandra Pertee; and defendant Wayne County Board of Education (including members and management level – central office employees of the Wayne County Board of Education during the defined class period (excluding Class Representative Joann Hurley).

### III.    Class Representative and Class Counsel

3.      For settlement purposes only, the Court preliminarily appoints Plaintiff Joann Hurley as Class Representative for the Class.

4.      Under Rule 23(g), and for settlement purposes only, the Court preliminarily appoints the following attorneys and firms as Class Counsel for the Class:

> Anthony J. Majestro
> POWELL & MAJESTRO, PLLC
> Post Office Box 3081
> 405 Capitol Street, Suite P-1200
> Charleston, West Virginia 25331
>
> Timothy C. Bailey
> J. Ryan Stewart
> BAILEY JAVINS & CARTER, L.C.
> P.O. Box 3712
> Charleston, WV  25337

### IV.    Rule 23 Requirements

5.      The Court preliminarily finds, solely for purposes of settlement, that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class

2

Members; (c) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (d) the Class Representative will fairly and adequately represent the interests of the Settlement Class Members.

6.     The Court further finds, solely for purposes of settlement, that the prerequisites for class certification under Rule 23(b)(3) have been satisfied in that (A) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (B) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### V.     Preliminary Approval of the Settlement

7.     Pursuant to the Settlement Agreement, the Defendants have agreed to pay a total Gross Settlement Amount of $300,000, from which a Class Distribution Fund will be established after deductions for attorneys' fees and costs, a service payment to the Class Representative, notice and settlement administration expenses, and such other expenditures as may be authorized by the Court.  Eligible class members who do not opt out will receive up to three base payments from the Class Distribution Fund based on the number of calls they received during the Class Period.  The Parties estimate that the base payment amount will be approximately Six Hundred Fifteen Dollars and No Cents ($615.00).

8.     Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class.  This finding is supported by, among other things, the complex legal and factual posture of the Lawsuit, the fact that the Settlement is the result of arms' length negotiations, and the nature of settlement benefits being made available to Settlement Class Members.

3

## VI.    Notice and Administration

9.      The Court appoints Epperly Re:Solutions to perform the functions and duties of the Claims Administrator set forth in the Settlement Agreement – including effectuating the notice to Settlement Class Members – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

10.     The Court has carefully considered the proposed plan to notify the Settlement Class Members set forth in the Settlement Agreement. The Court finds that the planned notice constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process.

11.     The Court thus approves the notice plan and the form, content, and requirements of the Notice described in and attached as **Exhibit A** to the Settlement Agreement. The Claims Administrator shall cause Notice to Settlement Class Members to be completed by **[30 days following Preliminary Approval]**. Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Claims Administrator attesting to the timely completion of Notice to the Settlement Class Members.

12.     All costs of providing Notice to the Settlement Class Members, administering the claims process and distributions from the Class Distribution Fund shall be paid out of the Gross Settlement Amount, as provided by the Settlement Agreement.

## VII.    Exclusions and "Opt-Outs"

13.     Each and every Settlement Class Member shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

4

1843106

14.     A Settlement Class Member wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and must be received by the Claims Administrator no later than [**Sixty days following entry of preliminary approval order**], at the address specified in the Notice. In the written request for exclusion, which must be personally signed by the Settlement Class Member wishing to opt out, the Settlement Class Member must state his or her full name, address, and telephone number where he or she may be contacted, the cellular telephone number(s) which he or she maintains was/were called during the Class Period, the number of alleged unlawful calls received, and a statement that the Settlement Class Member submitting the request wishes to be excluded from the Settlement of this litigation.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above.  No Settlement Class Member, or any person acting on behalf of or in concert or in participation with the Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement.

15.     Settlement Class Members who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendants or any of the other Released Parties.

16.     All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendants or any of the other Released Parties.

1843106

17.    The Claims Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

### VIII.    Objections

18.    Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the service payment to the Class Representative, must file with the Court and, at the same time, mail to the Claims Administrator a written statement that includes: his or her full name; address; the telephone number where he or she may be contacted; the cellular telephone number(s) that he or she maintains were called during the Class Period; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity of any attorney will be representing the individual with respect to any objection, and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel.  Such objection must be filed with the Court and sent to the Settlement Administrator with a postmark date on or before the Objection/Exclusion Deadline **[Sixty days following entry of preliminary approval order]**. The Settlement Administrator shall forward any objections received to counsel for the Parties within three business days of receipt.

19.    The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the service payment to the Class Representative only if, no later **[Sixty days following entry of preliminary approval order]**, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Claims Administrator.

6

20.     A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection.  It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing.  No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement or the request for attorneys' fees and expenses or the request for a service payment to the Class Representative will be heard unless that person has filed a timely written objection as set forth above.  No non-party, including Settlement Class Members who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

21.     Any Settlement Class Member who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

## IX.     Final Approval Hearing

22.     A Final Approval Hearing will be held before the Court on **[No earlier than 180 days following entry of preliminary approval order]** for the following purposes:

(a)     to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b)     to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to finally determine whether a bar order should be entered prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

7

(d)   to consider the application for an award of attorneys' fees and expenses of Class Counsel as contemplated under the Settlement Agreement;

(e)   to consider the application for a service payment to the Class Representative as contemplated under the Settlement Agreement;

(f)   to consider the distribution of the settlement benefits under the terms of the Settlement Agreement; and

(g)   to rule upon such other matters as the Court may deem appropriate.

23.   By **[DATE],** Class Counsel shall file and serve (i) a motion for final approval; and (ii) any application for a service payment to the Class Representative as contemplated under the Settlement Agreement.

24.   Class Counsel shall file their motion for attorneys' fees and expenses as contemplated under the Settlement Agreement by **[DATE].** Class Counsel shall post their fee petition to the Settlement Website within twenty-four hours of filing the fee petition with the Court.

25.   The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class.  At or following the Final Approval Hearing, the Court may enter a Final Approval Order in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

26.   For clarity, the deadlines the Parties shall adhere to are as follows:

| | |
|---|---|
| **Class Notice Completed by:** | **[30 days after entry of Preliminary Approval Order]** |
| **Motion for Fees/Expenses:** | **[DATE]** |
| **Objection/Exclusion Deadline:** | **[60 days after entry of Preliminary Approval Order]** |
| **Final Approval Submissions:** | **[DATE]** |

8

**Final Approval Hearing:**                    **[DATE/TIME]**

27.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## X.     Further Matters

28.     All discovery and other pretrial proceedings in the Lawsuit are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

29.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Lawsuit, and shall not be used in this Lawsuit or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Lawsuit or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

9

30.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

**DATED:** _____                    _____
                                               **Hon. Robert C. Chambers**
                                               **United States District Court**

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**JOANN HURLEY, on behalf of herself,
and all other similarly situated,**

    **Plaintiffs,**

**v.**                                       **Civil Action No. 3:16-cv-09949**

**THOMAS MESSER, a W. Va. citizen,
Sandra Pertee, a W. Va. citizen,
WAYNE COUNTY BOARD OF EDUCATION,
A West Virginia Political Subdivision,
RINGCENTRAL, INC., a Delaware Corp.,
CALLCENTRIC, INC., a New York Corp.,
and VOICENT COMMUNICATIONS, INC.,
a California Corp.,**

    **Defendants.**

### AGREED AMENDED PROTECTIVE ORDER

CAME THIS DAY, the Parties, by and through their undersigned counsel, and jointly moved this Honorable Court to modify its Protective Order [ECF 150] previously entered to permit plaintiff Joann Hurley, Defendant Wayne County Board of Education and Defendant Thomas Messer to utilize documents marked in this matter as "Confidential" in related litigation pending in the Circuit Court of Wayne County, West Virginia, and to ensure that Defendants' insurance carriers are permitted to handle their claims files relative to this litigation consistent with the provisions set forth in West Virginia Code of State Rules § 114-15-4.2(b). The Parties agreeing to the following provisions, it is hereby ORDERED as follows:

### I.    DISCOVERY PHASE

    A.    If a party, or a non-party producing information in this civil action, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials

{F1541501.2 }                                              1 | P a g e



EXHIBIT

C

(including digital information) subject to disclosure pursuant to a request or court order, are confidential and should not be disclosed other than in connection with this action, the related civil action pending in the Circuit Court of Wayne County, West Virginia, styled *Joann Hurley, Plaintiff v. Wayne County Board of Education and Thomas Messer, Defendants*, Civil Action No. 17-C-140, and pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as **"CONFIDENTIAL"**. The individual or entity designated the document or materials as **"CONFIDENTIAL"** must take care to limit any such designation to specific documents or materials that qualify for protection under the appropriate standards. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or impose unnecessary expense and burden on another party) expose the designating individual or entity to sanctions. If it comes to the attention of the designating individual or entity that a document or other material has been improperly marked as **"CONFIDENTIAL"**, the designating individual or entity must promptly notify all parties that the erroneous designation is being withdrawn and must replace the improperly designated document or material with a copy that is not marked **"CONFIDENTIAL"**.

B.      If a party or an attorney for a party disputes whether a document or other material should be marked **"CONFIDENTIAL"**, the parties and/or attorneys shall attempt to resolve the dispute with the designating individual or entity. If they are unsuccessful, the party or attorney challenging the **"CONFIDENTIAL"** designation shall do so by filing an appropriate motion.

C.      No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked **"CONFIDENTIAL"**, or the contents thereof, except in accordance with this Protective Order.

Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

D.     Any document or other material which is marked **"CONFIDENTIAL"**, or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action and the related civil action pending in the Circuit Court of Wayne County, West Virginia, styled *Joann Hurley, Plaintiff v. Wayne County Board of Education and Thomas Messer, Defendants*, Civil Action No. 17-C-140. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked **"CONFIDENTIAL"**, or the contents thereof, at any deposition taken in this action and/or in the related civil action pending in the Circuit Court of Wayne County, West Virginia, styled *Joann Hurley, Plaintiff v. Wayne County Board of Education and Thomas Messer, Defendants*, Civil Action No. 17-C-140.

E.     If a party or attorney wishes to disclose any document or other material which is marked **"CONFIDENTIAL"**, or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1. Provide a copy of this Protective Order to the person to whom disclosure is made;

2. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

4. Instruct the person to whom disclosure is made to return any document or other material which is marked **"CONFIDENTIAL"**, at the conclusion of the case, including notes or memoranda made from **"CONFIDENTIAL"** material, PROVIDED, however, that the materials subject to this Protective Order may be kept by an insurer long enough to comply

with the provisions set forth in West Virginia Code of State Rules § 114-15-4.2(b)[1] or other applicable state's law, with the time period beginning to run at the conclusion of the case, including possible appellate proceedings; and

5. Maintain a list of persons to whom disclosure was made and the **"CONFIDENTIAL"** materials which were disclosed to that person.

## II.   POST-DISCOVERY PHASE

A.      If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any **"CONFIDENTIAL"** document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the **"CONFIDENTIAL"** marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the *Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12*, and (c) controlling precedent. *See, e.g., Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986); *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

B.      Within thirty days after the conclusion of the action, each party shall gather the **"CONFIDENTIAL"** materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective

---

[1]      Per West Virginia Code of State Rules § 114-15-4.2(b), the time period shall be the lesser of "the current calendar year plus five (5) calendar years," or "from the closing date of the period of review for the most recent examination by the commissioner," or "a period otherwise specified by statute as the examination cycle for the insurer."

Order, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so; or (4) as to confidential documents/materials provided to an insurer, those may be kept by the insurer long enough to comply with the provisions set forth in West Virginia Code of State Rules § 114-15-4.2(b) or other applicable state's law, with the time period beginning to run at the conclusion of the case, including possible appellate proceedings.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an expert or consultant, which includes information produced as **"CONFIDENTIAL"**, so long as that work product does not duplicate verbatim substantial portions or the text or images of confidential documents.  Any such work product retained by an attorney shall continue to be **"CONFIDENTIAL"** and shall be subject to this protective order.  The attorney may use his or her work product in other litigation provided that the attorney does not use or disclose the confidential documents, PROVIDED, however, that plaintiff Joann Hurley and Defendants Wayne County Board of Education and Thomas Messer and/or their respective counsel may use/disclose the confidential documents, pursuant to the terms set forth in this protective order, in the related civil action pending in the Circuit Court of Wayne County, West Virginia, styled *Joann Hurley, Plaintiff v. Wayne County Board of Education and Thomas Messer, Defendants*, Civil Action No. 17-C-140.  The Parties also stipulate and agree that no deposition testimony in the civil action pending in the Circuit Court of Wayne County, West Virginia, styled *Joann Hurley, Plaintiff v. Wayne County Board of Education and Thomas Messer,*

*Defendants*, Civil Action No. 17-C-140, regarding the confidential documents may be used against any party in the federal case that is not present at such deposition.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

It is so ordered this 27th day of June, 2019.

Honorable Cheryl A. Eifert
United States Magistrate Judge

**Prepared and presented by:**

s/ Bernard S. Vallejos
Michael J. Farrell, Esq. (WVSB #1168)
mjf@farrell3.com
Bernard S. Vallejos, Esq. (WVSB #10017)
bsv@farrell3.com
FARRELL WHITE & LEGG PLLC
Post Office Box 6457
Huntington, WV 25772-6457
Telephone: 304-522-9100
Fax: 304-522-9162

*Counsel for Defendants Wayne County Board of Education and Sandra Pertee*

**Reviewed and agreed to by:**

s/ J. Ryan Stewart
Timothy C. Bailey, Esq. (WVSB #5839)
tbailey@bjc4u.com
J. Ryan Stewart, Esq. (WVSB #10796)
rstewart@bjc4u.com
BAILEY JAVINS & CARTER, L.C.
P.O. Box 3712
Charleston, WV 25337
Telephone: 304-345-0346
Fax: 304-345-0375

Anthony Majestro, Esq. (WVSB #5165)
amajestro@powellmajestro.com
Powell & Majestro, PLLC
P.O. Box 3081
405 Capitol Street, Suite P-1200
Charleston, WV 25331
Telephone: 304-346-2889

*Counsel for Plaintiff Joann Hurley*

**Reviewed and agreed to by:**


    s/ John R. McGhee, Jr.
John R. McGhee, Jr., Esq. (WVSB #5205)
jmcghee@kaycasto.com
KAY CASTO & CHANEY PLLC
707 Virginia Street, East, Suite 1500
Charleston, WV 25301
Telephone: 304-345-8900
Fax: 304-345-8909

Michael P. Donahue, Esq. (D.C. Bar #459285 Pro Hac Vice)
mpd@commlawgroup.com
MARASHLIAN & DONAHUE, PLLC
1420 Spring Hill Road, Suite 401
Tysons, VA 22102
Telephone: 703-714-1319
Fax: 703-563-6222

*Counsel for Defendant Callcentric, Inc.*


**Reviewed and agreed to by:**


    s/ Jeffrey A. Backman
Jeffrey A. Backman, Esq. (Florida Bar No. 662501)
jeffrey.backman@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
Fax: 954-213-0140

Jared M. Tully, Esq. (WVSB #9444)

jtully@fbtlaw.com
FROST BROWN TODD LLC
500 Virginia Street, East, Suite 1100
Charleston, WV 25301
Telephone:  304-345-0111
Fax: 304-345-0115

*Counsel for Defendant Voicent Communications, Inc.*


**Reviewed and agreed to by:**


_____s/ Mary Ann L. Wymore_____
Mary Ann L. Wymore, Esq. (Visiting Attorney)
mlw@greensfelder.com
GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
(314) 241-8624 (fax)

Edward P. Tiffey, Esq. (WVSB #6042)
ed@tiffeylaw.com
TIFFEY LAW PRACTICE, PLLC
205 Capitol Street, 4th Floor
P.O. Box 3785
Charleston, WV  25337-3785
(304) 344-3200
(304) 344-9919

*Counsel for Defendant RingCentral, Inc.*


**Reviewed and agreed to by:**


_____s/ Thomas Messer*_____
Thomas Messer
2881 R. 152
Fort Gay, West Virginia 25514

*Pro Se Defendant*

**Pro Se* Defendant Thomas Messer's agreement is reflected in the attached e-mail.

{F1541501.2 }

8 | P a g e