IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOANN HURLEY, on behalf of herself
and all others similarly situated,

            Plaintiffs,

v.                                            CIVIL ACTION NO. 3:16-9949

THOMAS MESSER, a W.Va. citizen,
SANDRA PERTEE, a W. Va. citizen,
WAYNE COUNTY BOARD OF EDUCATION,
a West Virginia Political Subdivision, and
RINGCENTRAL, INC., a Delaware Corp.,

            Defendants.

**PRELIMINARY APPROVAL ORDER**

Plaintiff Joann Hurley has moved for prelimina1y approval of a proposed class settlement which would resolve the Plaintiff's class action claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, in the above-captioned matter ("Lawsuit"). Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** preliminary approval of the Settlement, finding specifically as follows.[1]

**I.     Jurisdiction**

1.     The Court preliminarily finds that it has jurisdiction over the subject matter of this Lawsuit and personal jurisdiction over the parties and the Settlement Class Members described below.

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Class Action Settlement Agreement have the same meaning as set forth in the Class Action Settlement Agreement.

## II. Certification of Settlement Class

2. Under Rule 23 of the Federal Rules of Civil Procedure, and solely for the purpose of settlement, the Court hereby preliminarily certifies the following Class, consisting of:

> All persons who received a telephone call to his/her cellular telephone service or other wireless service by or on behalf of Thomas Messer at any time during the defined class period of February 25, 2016 through and including May 9, 2016, as identified by Plaintiffs expert Anya Verkhovskaya and confirmed as successfully made by its presence in defendant RingCentral's call logs produced in the Lawsuit.

Excluded from the Class are the United States District Court for the Southern District of West Virginia and its staff; defendant Thomas Messer; defendant Sandra Pertee; and defendant Wayne County Board of Education (including members and management level – central office employees of the Wayne County Board of Education during the defined class period (excluding Class Representative Joann Hurley)).

## III. Class Representative and Class Counsel

3. For settlement purposes only, the Court preliminarily appoints Plaintiff Joann Hurley as Class Representative for the Class.

4. Under Rule 23(g), and for settlement purposes only, the Court preliminarily appoints the following attorneys and firms as Class Counsel for the Class:

> Anthony J. Majestro
> POWELL & MAJESTRO, PLLC
> Post Office Box 3081
> 405 Capitol Street, Suite P-1200
> Charleston, WV 25331
>
> Timothy C. Bailey
> J. Ryan Stewart
> BAILEY JAVINS & CARTER, L.C.
> Post Office Box 3712
> Charleston, WV 25337

### IV. Rule 23 Requirements

5. The Court preliminarily finds, solely for the purposes of settlement, that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (d) the Class Representative will fairly and adequately represent the interests of the Settlement Class Members.

6. The Court finds, solely for purposes of settlement, that the prerequisites for class certification under Rule 23(b)(3) have been satisfied in that (A) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (B) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### V. Preliminary Approval of the Settlement

7. Pursuant to the Settlement Agreement, the Defendants have agreed to pay a total Gross Settlement Amount of $300,000, from which a Class Distribution Fund will be established after deductions for attorneys' fees and costs, a service payment to the Class Representative, notice and settlement administration expenses, and such other expenditures as may be authorized by the Court. Eligible class members who do not opt out will receive up to three base payments from the Class Distribution Fund based on the number of calls they received during the Class Period. The Parties estimate that the base payment amount will be approximately Six Hundred Fifteen Dollars and No Cents ($615.00).

8. Having considered the motion for preliminary approval, the Settlement Agreement,

and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Lawsuit, the fact that the Settlement is the result of arms' length negotiations, and the nature of settlement benefits being made available to Settlement Class Members.

## VI. Notice and Administration

9. The Court appoints Epperly Re:Solutions to perform the functions and duties of the Claims Administrator set forth in the Settlement Agreement—including effectuating the notice to Settlement Class Members—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

10. The Court has carefully considered the proposed plans to notify the Settlement Class Members set forth in the Settlement Agreement. The Court finds that the amended planned notice filed on September 4, 2020, ECF No. 276, constitutes the best notice practicable under the circumstances. The amended notice satisfies fully the requirements of Rule 23(c)(2) and the requirements of due process.

11. The Court thus approves the notice plan and the form, content, and requirements of the Amended Notice filed on September 4, 2020, ECF No. 276. The Claims Administrator shall cause Notice to Settlement Class Members to be completed by **October 26, 2020.** Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Claims Administrator attesting to the timely completion of Notice to the Settlement Class Members.

12. All costs of providing Notice to the Settlement Class Members, administering the claims process and distributions from the Class Distribution Fund shall be paid out of the Gross Settlement Amount, as provided by the Settlement Agreement.

## VII.  Exclusions and "Opt-Outs"

13.     Each and every Settlement Class Member shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

14.     A Settlement Class Member wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and must be received by the Claims Administrator no later than **November 25, 2020**, at the address specified in the Notice. In the written request for exclusion, which must be personally signed by the Settlement Class Member wishing to opt out, the Settlement Class Member must state his or her full name, address, and telephone number where he or she may be contacted, the cellular telephone number(s) which he or she maintains was/were called during the Class Period, the number of alleged unlawful calls received, and a statement that the Settlement Class Member submitting the request wishes to be excluded from the Settlement of this litigation. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above. No Settlement Class Member, or any person acting on behalf of or in concert or in participation with the Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement.

15.     Settlement Class Members who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendants or any of the other Released Parties.

16.     All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order even

if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendants or any of the other Released Parties.

17. The Claims Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

### VIII. Objections

18. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the service payment to the Class Representative, must mail to the Claims Administrator a written statement that includes: his or her full name; address; the telephone number where he or she may be contacted; the cellular telephone number(s) that he or she maintains were called during the Class Period; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity of any attorney will be representing the individual with respect to any objection; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Such objection must be sent to the Claims Administrator with a postmark date on or before the Objection/Exclusion Deadline, **November 25, 2020**. The Claims Administrator shall forward any objections received to counsel for the Parties within three business days of receipt.

19. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the service payment to the Class Representative only if, no later than **November 25, 2020**, such objections and any supporting papers are served on the Claims Administrator. The Claims Administrator shall file all objections received with the Court no later

than **December 23, 2020.**

20. A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement or the request for attorneys' fees and expenses or the request for a service payment to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including Settlement Class Members who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

21. Any Settlement Class Member who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

## IX.    Final Approval Hearing

22. A Final Approval Hearing will be held before the Court **January 25, 2021** for the following purposes:

(a) to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b) to finally determine whether the Settlement is fair, reasonable, and adequate and should be approved by the Court;

(c) to finally determine whether a bar order should be entered prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d) to consider the application for an award of attorneys' fees and expenses of Class Counsel as contemplated under the Settlement Agreement;

(e) to consider the application for a service payment to the Class Representative as contemplated under the Settlement Agreement;

(f) to consider the distribution of the settlement benefits under the terms of the Settlement Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

23. By **December 23, 2020**, Class Counsel shall file and serve (i) a motion for final approval; and (ii) any application for a service payment to the Class Representative as contemplated under the Settlement Agreement.

24. Class Counsel shall file their motion for attorneys' fees and expenses as contemplated under the Settlement Agreement by **December 23, 2020**. Class Counsel shall post their fee petition to the Settlement Website within twenty-four hours of filing the fee petition with the Court.

25. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a Final Approval Order in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

26. For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Completed by:** October 26, 2020

**Objection/Exclusion Deadline:** November 25, 2020

**Motion for Fees/Expenses:** December 23, 2020

**Claims Administrator Files Objections with Court:** December 23, 2020

**Final Approval Submissions:** December 23, 2020

**Final Approval Hearing:** January 25, 2021 at 11:00 AM.

27. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## X. Further Matters

28. All discovery and other pretrial proceedings in the Lawsuit are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

29. In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Lawsuit, and shall not be used in this Lawsuit or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Lawsuit or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

30. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

Date: September 24, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE