IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

JOANN HURLEY, on behalf of
herself, and all others similarly situated,

    Plaintiffs,
vs.

THOMAS MESSER, *et al.*,

    Defendants.

Civil Action No.: 3:16-cv-9949
Honorable Robert C. Chambers

## FINAL APPROVAL ORDER AND JUDGMENT

The Plaintiff in this class action lawsuit has moved for final approval of the proposed Class settlement. The Court preliminarily approved the Settlement Agreement on September 24, 2020, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto. The Court GRANTS final approval of the Settlement, finding specifically as follows:

### I. Jurisdiction

1.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

### II. Class Definition

2.    Under Federal Rule of Civil Procedure 23(c), the Court certifies the following "Settlement Class," consisting of:

> All persons who received a telephone call to his/her cellular telephone number by or on behalf of Thomas Messer at any time during the defined class period of February 25, 2016 through and including May 9, 2016, as

identified by Plaintiff's expert and confirmed as successfully made by its presence in call logs produced in the Lawsuit.

Excluded from the Class are the United States District Court for the Southern District of West Virginia and its staff; defendant Thomas Messer; defendant Sandra Pertee; and defendant Wayne County Board of Education (including members and management level – central office employees of the Wayne County Board of Education during the defined class period (excluding Class Representative Joann Hurley). (*See* Dkt. 272-1, Settlement Agreement at ¶ II. 5).

### III. Class Representative and Class Counsel

3. Under Federal Rule of Civil Procedure 23, Joann Hurley is hereby appointed as Class Representative.

4. The following are hereby appointed as Class Counsel:

Anthony J. Majestro
POWELL & MAJESTRO, PLLC
Post Office Box 3081
405 Capitol Street, Suite P-1200
Charleston, WV 25331

J. Ryan Stewart
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV 25301

### IV. Rule 23 Requirements

5. Pursuant to Rule 23(a) the Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; and (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class.

6. Pursuant to Rule 23(b)(3) the Court finds that: (a) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (b) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

## V. Notice and Opt-outs

7. The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort.

8. The Court finds that the Settlement Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). See 28 U.S.C. g 1715.

9. No Class Members made timely and valid requests for exclusion.

## VI. Final Approval of the Settlement

10. Pursuant to the Settlement Agreement, the Defendants have agreed to pay a total sum of $300,000 to create the Settlement Fund. Amounts awarded to Class Counsel or paid to the Class Representative will be paid from the Settlement Fund. Class Counsel and the Class Representative shall not be paid before the Settlement Class. Settlement Class Members will receive a *pro rata* share of the Settlement Fund based upon the number of calls received after attorneys' fees and expenses, the Class Representative's service payment, and the costs of notice and administration are deducted. Settlement Class Members who received between 1 and 14 calls

will receive one (1) base payment; Settlement Class Members who received between 15 and 19 calls will receive two (2) base payments; and Settlement Class Members who received 20 or more calls will receive three (3) base payments. The amount of the base payment is estimated at $604.09, after Court-approved deductions.

11. The Court has read and considered the papers filed in support of the Motion for Final Approval of Settlement and Motion for an Award of Attorneys' Fees and Reimbursement of Costs, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and the Defendants. The Court has not received any objections from any person regarding the Settlement. The Court held a hearing on January 25, 2021, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on October 26, 2020, and that ninety (90) days has passed without comment or objection from any governmental entity.

12. The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations, and the settlement benefits being made available to Settlement Class Members.

13. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

14. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

15. On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

16. The Court further orders that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

17. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

### VII. Attorneys' Fees Award, Costs, and Class Representative's Service Payment

18. The Court approves payment of attorneys' fees in the amount of $75,000. The Court further awards Class Counsel their reasonable expenses of $53,474.36. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys" fees, costs, and expenses, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek the award.

19. The Court approves payment of $5,001.30 as administration costs to the Settlement Administrator. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

20. The Court approves the payment of $30,000 as a service payment for Class Representative Joann Hurley and specifically finds that amount to be reasonable in light of the service performed by Ms. Hurley for the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. Neither this Final Approval Order and Judgment as to the Defendants, nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendants or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendants or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as

to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendants.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

Date: 2/9/21

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

Prepared and Submitted by:

/s/ J. Ryan Stewart
Timothy C. Bailey (WVSB #5839)
J. Ryan Stewart (WVSB #10796)
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV 25337
(304) 345-0346
rstewart@bjc4u.com

and

Anthony Majestro (WVSB #5165)
Powell & Majestro, PLLC
P.O. Box 3081
405 Capitol Street, Suite P-1200
Charleston, WV 25331
Telephone: 304-346-2889
amajestro@powellmajestro.com
*Counsel for Plaintiff Joann Hurley
and all others similarly situated*

/s/ *Bernard S. Vallejos*
Michael J. Farrell (WVSB #1168)
Bernard S. Vallejos (WVSB #10017)
FARRELL WHITE & LEGG, PLLC
Post Office Box 6457
Huntington, West Virginia 25772-6457
*Counsel for Defendants Wayne County*
*Board of Education and Sandra Pertee*

/s/ *Mary Ann L. Wymore*
Mary Ann L. Wymore (Visiting Attorney)
GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, Suite 2000
St. Louis, MO 63102

Courtney Adair (Visiting Attorney)
GREENSFELDER, HEMKER & GALE, P.C.
200 N. Madison, Suite 3300
Chicago, IL 60657

Edward P. Tiffey (WVSB #6042)
TIFFEY LAW PRACTICE, PLLC
205 Capitol Street, 4th Floor
P.O. Box 3785
Charleston, WV 25337-3785
*Counsel for Defendant RingCentral, Inc.*